IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **LARRY LEXXLOU FLENOID, II** | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. 6:25-cv-03362-MDH |
| **HENRY'S TOWING SERVICE, LLC et al.,** | ) |
| **Defendants.** | ) |

### ORDER

    Before the Court is Plaintiff Larry LexxLou Flenoid, II's Pro Se Motion for Leave to File *In Forma Pauperis*. (Doc. 1). Plaintiff has also attached his Application to Proceed Without Prepaying Fees or Costs in support. *Id.* Plaintiff wishes to proceed *in forma pauperis* seeking release of his personal vehicle from Defendant Henry's Towing Service, LLC as well as all personal property within the vehicle. Plaintiff also seeks $6,209,285.00 in commercial damages, compensatory damages, punitive damages, statutory damages under 42 U.S.C. § 1983, injunctive relief and declaratory relief.

    "Under 28 U.S.C. § 1915, the decision whether to grant or deny *in forma pauperis* status is within the sound discretion of the trial court." *Cross v. Gen. Motors Corp*., 721 F.2d 1152, 1157 (8th Cir. 1983). The Court is also required to conduct a review of Plaintiff's Complaint to be filed *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that …. (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

1

Here, Plaintiff's financial condition and status may well qualify him to proceed *in forma pauperis*. However, before Plaintiff may proceed, the Court must preliminarily consider the allegations of the Complaint under the three-prong test. Plaintiff's Proposed Complaint alleges several counts including 42 U.S.C. § 1983, Fourth and Fourteenth Amendment violations, civil conspiracy, conversion of property, U.C.C. Article 9 tort injury, RICO predicate acts, intentional infliction of emotional distress and a writ of mandamus.

The Complaint names Greene County Sheriff's Office as a Defendant in this case. Plaintiff's claims against the Green County Sheriff's Office are subject to dismissal because municipal departments, such as local sheriff's departments, are not suable entities. *Bronson v. Chariton Cnty. Sheriff's Off.*, No. 2:23-CV-61-AGF, 2024 WL 229778, at *2 (E.D. Mo. Jan 22, 2024) (citing *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992) (departments or subdivisions of local government are "not juridical entities suable as such"); *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("county jails are not legal entities amenable to suit"); *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department because they are not suable entities). As the Greene County Sheriff's Office is not amenable to suit all claims against it would be legally frivolous and/or fails to state a claim upon which relief can be granted. However, the Court will allow Plaintiff to proceed *in forma pauperis* with his claims against the other named Defendants.

## CONCLUSION

The Court finds Plaintiff's Application to Proceed Without Paying Fees or Costs establishes Plaintiff is unable to pay filing fees and court costs associated with bringing his Complaint. However, Plaintiff's claims against Defendant Greene County Sheriff's Office are legally frivolous and/or fails to state a claim upon which relief can be granted. For these reasons,

Plaintiffs' *Pro Se* Motion for Leave to File *In Forma Pauperis* is **GRANTED IN PART AND DENIED IN PART**. Plaintiff may proceed *in forma pauperis* and file his Complaint within fourteen (14) days of this Order. However, Plaintiff may not include Greene County Sheriff's Office as a Defendant.

It is **FURTHER ORDERED** that upon filing of his Complaint, Plaintiff will complete all forms as provided by the Clerk's Office in order for the officers of the Court to issue and serve all process and perform all duties as described in 28 U.S.C. § 1915(d).

**IT IS SO ORDERED.**

Date: December 2, 2025

                                                  */s/ Douglas Harpool*
                                                  **DOUGLAS HARPOOL**
                                                  **UNITED STATES DISTRICT JUDGE**