IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| LARRY LEXXLOU FLENOID II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:25-cv-03362-MDH |
| | ) |
| HENRY'S TOWING SERVICE, LLC et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff's *Pro Se* Emergency Motion for a Temporary Restraining Order ("TRO") (Doc. 2). Defendants have yet to be served in this case. Due to the emergency nature of the motion the Court will now adjudicate Plaintiff's motion on the merits. For reasons discussed herein, Plaintiff's Motion for a TRO is **DENIED**.

## BACKGROUND

This case arises out of the impoundment of Plaintiff's personal vehicle. Plaintiff is an individual residing in Springfield, Missouri. Defendant Henry's Towing Service, LLC is a domestic limited liability company with its principal office in Springfield, Missouri. Defendant Greene County, Missouri is a political subdivision of the State of Missouri. Defendant Athens Program Insurance Services is alleged to be the insurer providing coverage to Defendant Henry's Towing Services, LLC.[1]

On February 14, 2025, Plaintiff alleges that Defendant Henry's Towing Service, LLC towed Plaintiff's private vehicle and impounded it until Plaintiff pays a towing charge of $105.00

---

[1] In Plaintiff's Proposed Complaint he also listed Greene County Sheriff's Office as a defendant. However, as the Court has ruled in its previous Order, Greene County Sheriff's Office is not a suable entity and thus will not include the Greene County Sheriff's Office further in this matter. See (Doc. 1).

1

and a storage fee of $45.00 a day for every day it remains impounded. Plaintiff alleges that his vehicle was towed without lawful verification, authority, delegation, or warrant and without providing documentation of lawful cause. Plaintiff also alleges he was banned from the property, and was not allowed to retrieve any personal property in the vehicle.

Plaintiff has filed nine counts: Count I – 42 U.S.C. § 1983 Deprivation of Rights; Count II – Violation of the Fourth Amendment Right to Unlawful Seizure; Count III – Violation of the Fourteenth Amendment Right to Due Process; Count IV – 18 U.S.C. §§ 241-243 Civil Conspiracy; Count V – Conversion; Count VI – U.C.C. Article 9 Tort Injury; Count VII – RICO Predicate Acts; Count VIII – Intentional Infliction of Emotional Distress; and Count IX – Mandamus. Plaintiff brings his current motion asking the Court to compel Defendants to immediately release all personal property belonging to Plaintiff, prohibit any further denial of access, obstruction, or interference, and prohibit disposal, destruction, withholding, or transfer of Plaintiff's property.

**STANDARD**

In analyzing a request for a TRO, the Court weighs: 1) probability movant will succeed on the merits; 2) threat of irreparable harm to the movant absent injunction; 3) balance between threatened harm to the movant and harm the injunction would inflict on other interested parties; and 4) the public interest. *Dataphase Sys., Inc. v. C L Syst., Inc.*, 640 F.2d 109, 114 (8th Cir.1981) (en banc). "No single factor is dispositive;" rather, the court must consider all factors to determine whether on balance they weigh towards granting the remedy. *Calvin Klein Cosmetics Corp. v. Lenox Labs., Inc.*, 815 F.2d 500, 503 (8th Cir. 1987).

**ANALYSIS**

**I.    Success on the Merits**

When evaluating a movant's "likelihood of success on the merits," the court should

"flexibly weigh the case's particular circumstances to determine 'whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined. *Calvin Klein Cosmetics Corp. v. Lenox Labs., Inc.*, 815 F.2d 500, 503 (8th Cir. 1987) (quoting *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981)). At this preliminary state, the court need not decide whether the party seeking the temporary restraining order will ultimately prevail. *Kersten v. City of Mandan*, 389 F. Supp. 3d 640, 645 (D.N.D. 2019) (citing *PCTV Gold, Inc. v. SpeedNet, LLC*, 508 F.3d 1137, 1143 (8th Cir. 2007)). Although a temporary restraining order cannot be issued if the movant has no chance on the merits, "the Eighth Circuit has rejected a requirement as to a 'party seeking preliminary relief prove a greater than fifty percent likelihood that he will prevail on the merits.'" *Id*. (quoting *Dataphase*, 640 F.2d at 113). The Eighth Circuit has also held that of the four facts to be considered by the district court in considering relief, the likelihood of success on the merits is "most significant." *Kersten v. City of Mandan*, 389 F. Supp. 3d 640, 645–46 (D.N.D. 2019) (quoting *S & M Constructors, Inc. v. Foley Co.*, 959 F.2d 97, 98 (8th Cir. 1992).

Plaintiff does not make an argument regarding the success on the merits factor but rather concludes "Plaintiff is likely to succeed on the merits (civil rights violations, conversion, due process violations)." (Doc. 2, page 2). Plaintiff alleges nine counts that range from violations of his constitutional rights to state law conversion. While Plaintiff makes a variety of claims as to why relief is sought, he fails to provide any factual allegations outside conclusionary statements that would allow the Court to further analyze the success on the merits. As such, the Court is unclear as to whether Plaintiff can succeed on the merits For the reasons stated, the Court finds that the success on the merits factor is unclear.

## II. Irreparable Harm

"Irreparable harm" signifies harm for which "a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages." *Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009). To qualify, the harm must be "certain and great and of such imminence that there is a clear and present need for equitable relief." *Walls v. Sanders*, 733 F. Supp. 3d 721, 738 (E.D. Ark. 2024) (quoting *Novus Franchising, Inc. v. Dawson*, 725 F.3d 885, 895 (8th Cir. 2013)).

Plaintiff states that he is suffering immediate and irreparable injury. In support, Plaintiff argues that he is suffering ongoing injury by being unable to access employer property within his vehicle, his children's educational items, and legal documents. Plaintiff also argues that his emotional and financial harm is escalating, and that his property is at risk of disposal or damage.

While Plaintiff has demonstrated harm, he has failed to show that he has no adequate remedy at law. Should Plaintiff ultimately prevail in his case, he will be entitled to damages stemming from the loss of access to his personal vehicle and personal property. In other words, Plaintiff's injuries would be fully compensated through an award of damages. As his injuries can be addressed through an award of damages, Plaintiff has failed to show the need for equitable relief through a TRO. For the reasons stated, the irreparable harm factor weighs against the granting of a TRO.

## III. Balance of Equities and the Public Interest

The balance of equities analysis examines the harm of granting or denying the injunction upon both of the parties to the dispute and other interested parties, including the public. *Dataphase*, 640 F.2d at 113. In doing so, courts consider the threat to each of the parties' rights that would result from granting or denying the injunction, the potential economic harm to the parties, and interested third parties, and whether the defendant has already taken remedial action. As to the

public interest factor, the courts must consider whether the public interest would be served by an injunction. *Sanderson v. Bailey*, 700 F. Supp. 3d 713, 723 (E.D. Mo. 2023), *appeal dismissed*, No. 23-3394, 2023 WL 11159779 (8th Cir. Dec. 11, 2023).

The Plaintiff does not make an argument regarding either the balancing of equities or the public interest factor but instead just conclusory states "[b]alance of the equites favors Plaintiff" and "[p]ublic interest supports protecting civil rights and property rights." (Doc. 2, page 2). As Defendants have not yet been served in this case, the Court will decline to make a finding as to whether these last two factors weigh for or against the granting of a TRO as not to speculate on the actual or perceived harms that may be had be either Plaintiff, Defendants or the public at large. For the reasons stated, the Court will decline to rule on the balance of equities or the public interest factors.

As the Court has been unable to assess whether Plaintiff may succeed on the merits and a finding that irreparable harm factors weigh against a TRO the Court will decline to grant Plaintiff's motion for a TRO.

## CONCLUSION

The Court having reviewed Plaintiff's Emergency Motion in its entirety finds entry of a TRO improper at this time. For foregoing reasons, Plaintiff's *Pro Se* Emergency Motion for a TRO is **DENIED**.

**IT IS SO ORDERED**.

DATED: December 4, 2025

            */s/ Douglas Harpool*
            **DOUGLAS HARPOOL**
            **UNITED STATES DISTRICT JUDGE**