# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF MISSOURI

# SOUTHERN DIVISION

Larry LexxLou Flenoid II, Plaintiff

v. Case No. 6:25-cv-03362-MDH

Henry's Towing Service, LLC, et al., Defendants

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iv), Plaintiff hereby demands that each Defendant produce copies of any insurance agreement, indemnification provision, self-insurance program, risk-pool participation, or other coverage under which an insurer, governmental entity, or third party may be liable to satisfy all or part of a judgment entered in this action.

This demand includes, but is not limited to, coverage applicable to acts or omissions alleged in the First Amended Civil Rights Complaint, whether arising from constitutional violations, statutory violations, common-law torts, or civil conspiracy.

**Defendants shall disclose and produce the following for all applicable coverage in effect during the relevant time period:**

1. Declarations pages for all policies or coverage instruments;

2. Policy numbers, effective dates, and limits of liability;

3. Reservation-of-rights letters or coverage position letters;

4. Excess, umbrella, or secondary policies;

5. Governmental self-insurance or indemnification provisions applicable to individual defendants acting within the scope of employment or authority;

6. Any notices of claim, tenders of defense, or communications with insurers relating to the events alleged in this action.

**This demand applies to, but is not limited to, coverage potentially applicable to:**

- Henry's Towing Service, LLC;

- Greene County, Missouri;
- Greene County Sheriff's Office;
- Sheriff Jim Arnott;
- Deputy Schilling;
- Deputy Gold;
- Unknown Deputies 1–3;
- Athens Insurance;
- Obsidian Insurance;
- Missouri Department of Social Services / CPS-DFS agents.

Failure to timely disclose insurance or indemnification coverage may result in appropriate relief pursuant to Rules 26, 37, and the Court's inherent authority.

Without Prejudice Without Recourse

So It Is Said, So it is enforced, so it is

Larry LexxLou Flenoid II

Divine Executor/ Agent

KlownLife Estate Trust PMA

**MISSOURI SUNSHINE LAW REQUESTS**

These are records requests, not accusations. They create an external paper trail that courts trust.

**A. Greene County / Sheriff's Office**

Missouri Sunshine Law – RSMo §610

Sunshine Law Request – Insurance, Indemnification, and Risk Coverage Records

**Pursuant to the Missouri Sunshine Law, RSMo §610.010 et seq., I respectfully request access to and copies of records sufficient to identify insurance coverage, self-insurance arrangements, indemnification provisions, or participation in any public entity risk pool in effect during the period [insert date range] that cover acts or omissions of:**

• Greene County, Missouri;

• Greene County Sheriff's Office;

• Sheriff Jim Arnott;

• Deputies and agents of the Sheriff's Office;

relating to towing operations, seizure or retention of personal property, law-enforcement assistance to private towing entities, or related enforcement actions.

**Requested records include, but are not limited to:**

• Declarations pages or coverage summaries;

• Policy limits and coverage periods;

• Risk-pool participation agreements;

• Self-insurance or indemnification provisions;

• Notices of claim or claims correspondence referencing towing or property seizure incidents.

If any portion of this request is denied, please identify the specific statutory basis for denial and provide any reasonably segregable non-exempt records.

## B. Missouri Department of Social Services (CPS / DFS)

### Sunshine Law Request – DSS / CPS Insurance and Indemnification Records

Pursuant to the Missouri Sunshine Law, RSMo §610, I request records sufficient to identify insurance coverage, self-insurance programs, indemnification provisions, or risk-management arrangements applicable to employees or agents of the Missouri Department of Social Services, including CPS / DFS agents, in effect during [date range].

This request includes coverage applicable to alleged acts or omissions arising from child-welfare investigations, enforcement actions, or interactions with private parties or law-enforcement agencies.

Requested records include coverage summaries, indemnification statutes or agreements, and claims-handling procedures.

## CLERK OF COURT – BOND / MINISTERIAL COVERAGE RECORDS

### Request for Records – Clerk of Court Bonding and Ministerial Coverage

This request seeks records only. No judicial deliberations or discretionary decision-making materials are requested.

Please provide copies of any records reflecting statutory bonding, fidelity coverage, surety instruments, or insurance coverage in effect during [date range] that apply to ministerial acts of the Clerk of Court, including but not limited to filing, docketing, recording, or processing pleadings, notices, or orders.

Requested records include bonding certificates, coverage summaries, policy numbers, effective dates, and limits of coverage applicable to ministerial functions.

**Respectfully submitted,**

**Without Prejudice Without Recourse**

**So It Is Said, So it Is Enforced, So it Is**

Larry LexxLou Flenoid II (sui juris/propria persona)

# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF MISSOURI – SOUTHERN DIVISION

Larry LexxLou Flenoid II, Plaintiff

v. Case No. 6:25-cv-03362-MDH

Henry's Towing Service, LLC, et al., Defendants

**PLAINTIFF'S MOTION TO COMPEL INSURANCE AND INDEMNIFICATION DISCLOSURES**

(Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iv) & 37)

Plaintiff seeks an order compelling Defendants to produce mandatory insurance and indemnification disclosures required by Rule 26(a)(1)(A)(iv). Despite proper demand, Defendants have failed to provide complete disclosures identifying coverage that may satisfy all or part of a judgment.

**LEGAL STANDARD**

Rule 26(a)(1)(A)(iv) requires disclosure of "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment." Failure warrants relief under Rule 37.

**ARGUMENT**

Defendants have not produced declarations pages, policy numbers, limits, reservation-of-rights letters, excess/umbrella policies, or governmental self-insurance/indemnification provisions applicable to the alleged acts. These disclosures are automatic and not contingent on liability.

**RELIEF REQUESTED**

**Plaintiff requests an order compelling Defendants to produce, within 14 days:**

1. Declarations pages and coverage summaries;

2. Policy numbers, limits, effective dates;

3. Reservation-of-rights/coverage position letters;

4. Excess/umbrella policies;

5. Governmental self-insurance or indemnification provisions;

6. Notices of claim and insurer correspondence related to this action.

**CERTIFICATION**

Plaintiff certifies a good-faith attempt to obtain disclosures without court action.

**Respectfully submitted,**

**Without Prejudice Without Recourse**

**So It Is Said, So it Is Enforced, So it Is**

Larry LexxLou Flenoid II (sui juris/propria persona)

**PLAINTIFF'S NOTICE OF COVERAGE-IMPLICATED CLAIMS AND PRESERVATION DEMAND**

**To: Identified Insurers / Risk Pools / Indemnitors**

Plaintiff provides notice that claims asserted in 6:25-cv-03362-MDH may trigger defense and indemnity obligations. Please preserve all underwriting files, claims notes, coverage analyses, reservation-of-rights letters, communications, and reinsurance materials related to this matter.

Plaintiff is prepared to discuss early resolution once coverage positions are disclosed. Failure to timely and accurately disclose coverage may expose insurers to additional remedies available under applicable law.

**Respectfully submitted,**

**Without Prejudice Without Recourse**

**So It Is Said, So it Is Enforced, So it Is**

Larry LexxLou Flenoid II (sui juris/propria persona)

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

(Pursuant to Fed. R. Civ. P. 15(a))

**GROUNDS**

Newly disclosed insurance and indemnification information materially affects allegations regarding scope of employment, policy/custom, negligent supervision, and claims-handling conduct. Amendment is timely, non-prejudicial, and serves justice.

**PROPOSED ADDITIONS (SUMMARY)**

Clarify acts within scope triggering indemnity;

Monell policy/custom allegations tied to coverage;

Bad-faith / negligent claims-handling facts (where applicable);

Declaratory relief specifying coverage obligations.

**RELIEF**

Leave to file the attached Second Amended Complaint.

**MODEL COVERAGE-TRIGGER PARAGRAPH :**

"Upon information and belief, at all relevant times Defendants were insured and/or indemnified for the acts alleged herein. The unconstitutional seizures and related conduct occurred within the scope of covered operations and/or employment, triggering defense and indemnity obligations, including excess and umbrella layers."

**BAD-FAITH & CLAIMS-HANDLING EXPOSURE**

**NOTICE OF POTENTIAL EXTRA-CONTRACTUAL EXPOSURE**

This letter places insurers on notice of potential extra-contractual exposure arising from failure to promptly disclose coverage, defend under reservation, or fairly evaluate settlement. Plaintiff reserves all rights to pursue remedies for unreasonable delay, misrepresentation, or failure to protect insured interests.

Please provide written confirmation of coverage position and defense status by [12/31/2025].

**Respectfully submitted,**

**Without Prejudice Without Recourse**

**So It Is Said, So it Is Enforced, So it Is**

Larry LexxLou Flenoid II (sui juris/propria persona)