**COMPLAINT A — FEDERAL CIVIL RIGHTS ACTION (TOWING / VEHICLE SEIZURE)**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

**LARRY LEXXLOU FLENOID II,**
Plaintiff,

v. **Case No.: 6:25-cv-03362-MDH**

**HENRY'S TOWING SERVICE, LLC;**
**GREENE COUNTY, MISSOURI;**
**Jim Arnott, Sheriff of Greene County, Missouri, in his individual and official capacities;**
**Deputy Gold, Deputy Schilling, Deputy Kelly, and John Doe Deputies 4–10, in their individual capacities,**
Defendants.

## I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343. Supplemental jurisdiction exists under 28 U.S.C. § 1367.

2. Venue is proper in this District under 28 U.S.C. § 1391 because the events giving rise to these claims occurred within this District.

## II. PARTIES

3. Plaintiff Larry LexxLou Flenoid II is a resident of Missouri.

4. Defendant Henry's Towing Service, LLC is a Missouri limited liability company that acted jointly with state actors in the seizure and retention of Plaintiff's vehicle.

5. Defendant Greene County, Missouri is a municipal entity responsible for policies, customs, and practices of its Sheriff and deputies.

6. Defendant Jim Arnott, Sheriff of Greene County, is sued in his individual and official capacities.

7. Defendants Deputy Gold, Deputy Schilling, Deputy Kelly, and John Doe Deputies 4–10 are sued in their individual capacities for actions taken under color of state law.

## III. FACTUAL ALLEGATIONS

8. On or about **May 13, 2025**, Defendants caused Plaintiff's **2012 black four-door Cadillac (VIN 1G1ZA5E06CF325109)** to be seized without a valid warrant, probable cause, or lawful process. Plaintiff has **never recovered the vehicle or his personal property contained therein**. On or about **November 14, 2025**, Defendants caused Plaintiff's **2004 gray Nissan Armada** (VIN **5N1AA8B14N742743**) to be seized without a valid warrant, probable cause, or lawful process. The Nissan Armada **remains held at the tow yard**, and **all of Plaintiff's personal property remains inside**, including but not limited to clothing, tools, personal documents, electronic devices, and other irreplaceable personal effects.

9. Greene County deputies participated in or authorized the seizure and coordinated with Henry's Towing Service, LLC.

10. Plaintiff was not afforded pre-deprivation notice or a meaningful post-deprivation hearing.

11. Defendants retained Plaintiff's vehicle and personal property despite repeated demands for return.

12. The seizure and retention caused financial loss, emotional distress, and deprivation of constitutional rights.

Plaintiff was **never provided any meaningful post-deprivation notice or hearing** for either seizure, nor afforded an opportunity to contest the towing, storage, or continued retention of his vehicles or personal property.

## IV. CAUSES OF ACTION

### COUNT I — Fourth Amendment (42 U.S.C. § 1983)

13. Defendants conducted an unreasonable seizure of Plaintiff's vehicle.

### COUNT II — Fourteenth Amendment Due Process (42 U.S.C. § 1983)

14. Defendants deprived Plaintiff of property without due process of law.

### COUNT III — Civil Conspiracy (42 U.S.C. § 1983)

15. Defendants acted jointly to deprive Plaintiff of constitutional rights.

### COUNT IV — Conversion (Missouri Law)

16. Defendants wrongfully exercised control over Plaintiff's property.

## COUNT V — Municipal Liability (Monell)

17. Greene County maintained policies or customs that caused the constitutional violations.

## V. RELIEF REQUESTED

Plaintiff requests:
A. Declaratory relief;
B. Injunctive relief ordering return of the vehicle;
C. Compensatory damages;
D. Punitive damages against individual defendants;
E. Costs and any other just relief.

## VI. JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

**Larry LexxLou Flenoid II, Pro Se**
c/o 4315 W. La Siesta St.
Springfield, Missouri [65802]

Date: 12/23/25