# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

**Larry LexxLou Flenoid, II,**
Plaintiff,

v.

**Henry's Towing Service, LLC, et al.,**
Defendants.



Case No. **6:25-cv-03362-MDH**

---

## EMERGENCY MOTION FOR IMMEDIATE RETURN OF VEHICLE

AND TEMPORARY INJUNCTIVE RELIEF

Plaintiff Larry LexxLou Flenoid, II, appearing pro se, respectfully moves this Court for an **emergency order requiring the immediate return of his vehicle** and prohibiting Defendants from further possession, use, sale, transfer, or destruction of the vehicle or its contents.

This Motion is made pursuant to **Federal Rule of Civil Procedure 65**, the Court's **inherent equitable authority**, and well-established federal principles permitting **emergency relief to prevent irreparable harm**.

---

### I. RELIEF REQUESTED

Plaintiff requests that the Court:

1. **Order Defendants to immediately return Plaintiff's vehicle** to Plaintiff within **24 hours** of the Court's order;

2. **Enjoin Defendants** from selling, transferring, damaging, dismantling, or asserting any lien against the vehicle;

3. **Order preservation and return of all personal property** contained within the vehicle;

4. Waive bond due to Plaintiff's demonstrated hardship and the Defendants' exclusive control of the property.

## II. FACTUAL BASIS (SUMMARY)

Defendants unlawfully seized and continue to retain Plaintiff's vehicle. As a **direct and ongoing result**, Plaintiff has suffered severe and irreparable harm, including but not limited to:

- Loss of **the cremated remains (ashes) of Plaintiff's mother and brother**, which were inside the vehicle;
- Loss of Plaintiff's **ability to work**, resulting in loss of income;
- Loss of access to Plaintiff's **bank account and financial affairs**;
- Emotional distress and irreparable personal harm that **cannot be remedied by money damages alone**.

The vehicle contains **unique, irreplaceable personal property**, including human remains, and continued retention by Defendants constitutes ongoing harm.

## III. LEGAL STANDARD

Emergency injunctive relief is appropriate where:

1. The movant is likely to suffer **irreparable harm** without relief;
2. The balance of equities favors relief;
3. The relief sought is **narrow and specific**;
4. The public interest favors preventing unlawful deprivation of property.

Courts routinely grant emergency relief where **personal property of unique or sentimental value** is unlawfully withheld and damages are inadequate.

## IV. ARGUMENT

### A. Irreparable Harm Exists

Human remains, personal identification, financial access tools, and essential transportation **cannot be replaced by monetary compensation**. Continued deprivation causes daily, compounding harm.

### B. Balance of Equities Favors Plaintiff

Defendants suffer no legitimate harm by returning property they have no lawful right to retain. Plaintiff, by contrast, suffers ongoing and severe loss.

### C. Narrow Relief Is Appropriate

Plaintiff does not seek damages at this stage—only **return of his own property**.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court **enter the attached Proposed Emergency Order**.

Respectfully submitted,

*[signature]*

**Larry LexxLou Flenoid, II**
Plaintiff, Pro Se
4315 W. La Siesta St
Springfield, MO 65802
(314) 557-6929