MOTION TO DISQUALIFY DISTRICT JUDGE,

FOR REASSIGNMENT AND REFERRAL TO MAGISTRATE JUDGE,

AND FOR MARSHAL SERVICE AND RENEWED EMERGENCY RELIEF

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

**Larry LexxLou Flenoid, II,**
Plaintiff,

v.

**Henry's Towing Service, LLC, et al.,**
Defendants.

Case No. **6:25-cv-03362-MDH**

---

## MOTION TO DISQUALIFY DISTRICT JUDGE,

## FOR REASSIGNMENT AND REFERRAL TO MAGISTRATE JUDGE,

## AND FOR RELATED RELIEF

Plaintiff **Larry LexxLou Flenoid, II**, proceeding **pro se** and **in forma pauperis**, respectfully moves this Court pursuant to **28 U.S.C. §§ 144 and 455, 28 U.S.C. § 636, Federal Rule of Civil Procedure 4(c)(3)**, and the **Due Process Clause of the United States Constitution**, and states as follows:

---

## I. INTRODUCTION

This Motion is brought to preserve **judicial impartiality, due process, and meaningful access to relief**.

In a prior order, the currently assigned District Judge **recognized that irreparable harm existed**. Nevertheless, emergency relief and enforcement were **denied**, and Defendants' conduct continued. As a direct result, Plaintiff has suffered **irreversible loss**, including the **loss of the cremated remains of Plaintiff's mother and baby brother**, along with loss of employment, transportation, financial access, and stability.

Under these circumstances, **a reasonable person could question whether continued adjudication before the current District Judge can provide a fair and effective forum**, warranting reassignment and referral.

## II. FACTUAL BACKGROUND

1. Plaintiff sought emergency relief for the immediate return of his vehicle and its contents.
2. The Court acknowledged **irreparable harm**.
3. No temporary restraining order or emergency enforcement issued.
4. Defendants continued to retain Plaintiff's vehicle and personal property.
5. During this period of continued retention:
   - Plaintiff permanently lost the **cremated remains of his mother and baby brother**;
   - Plaintiff lost employment due to lack of transportation;
   - Plaintiff lost access to banking and financial affairs.
6. Plaintiff's mail to Defendants has been **returned unopened**, and Defendants have not responded.
7. Plaintiff has been granted **IFP status**, yet service and enforcement have not been effectuated.

## III. GROUNDS FOR DISQUALIFICATION AND REASSIGNMENT

### A. Appearance of Partiality

Under **28 U.S.C. § 455(a)**, a judge must disqualify himself where **his impartiality might reasonably be questioned**. The standard is the appearance of fairness and public confidence, not proof of intent.

Where irreparable harm is recognized but no protective action is taken and irreversible loss follows, a reasonable litigant may question the Court's ability to provide effective relief.

### B. Due Process and Meaningful Remedy

Due process requires **meaningful protection where irreparable harm exists**. Recognition of harm without enforcement deprives a litigant of effective relief and undermines confidence in adjudication.

### C. Referral to a Magistrate Judge

Pursuant to **28 U.S.C. § 636(b)**, this Court may refer emergency and pretrial matters to a **United States Magistrate Judge**. Plaintiff respectfully requests such referral to ensure **prompt, neutral adjudication**. This request does not require consent of Defendants.

## IV. REQUEST FOR U.S. MARSHALS SERVICE

Because Plaintiff has been granted **IFP status**, and Defendants are evading service, Plaintiff respectfully requests that the **United States Marshals Service be directed to effect service of process** pursuant to **Fed. R. Civ. P. 4(c)(3)**.

## V. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. **Disqualify the currently assigned District Judge** from further participation in this case;
2. **Reassign the matter** to a different judicial officer;
3. **Refer this case to a United States Magistrate Judge** for emergency and pretrial adjudication;
4. **Direct the U.S. Marshals Service to effect service of process**;
5. Permit **renewed emergency relief** to be heard promptly upon reassignment;
6. Grant such other relief as justice requires.

## VI. CONCLUSION

This Motion seeks **fair process**, not confrontation. Plaintiff has suffered irreversible loss after irreparable harm was acknowledged but not restrained. Reassignment and referral are necessary to preserve **due process and public confidence in judicial neutrality**.

Respectfully submitted,

Larry LexxLou Flenoid, II
Plaintiff, Pro Se
4315 W. La Siesta St
Springfield, MO 65802
(314) 557-6929