IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| LARRY LEXXLOU FLENOID II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  6:25-cv-03362-MDH |
| ) | |
| HENRY'S TOWING SERVICE, LLC et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Plaintiff's *Pro Se* Emergency Motions for Immediate Return of Vehicle (Doc. 11), Immediate Return of Vehicle and Temporary Injunctive Relief (Doc. 12), Immediate Return of Vehicle and Temporary Injunctive Relief (Doc. 13), Temporary Restraining Order ("TRO") and for Immediate Return of Property (Doc. 17), and Renewed Emergency Motion for TRO and Immediate Return of Property. (Doc.20). Defendants have yet to be served in this case. Due to the emergency nature of these motions the Court will now review Plaintiff's motions. For the reasons discussed herein, Plaintiff's Emergency Motions (Docs. 11-13, 17 and 20) are hereby **DENIED**.

## BACKGROUND

On December 2, 2025, the Court granted in part and denied in party Plaintiff's *Pro Se* Motion for Leave to Proceed *In Forma Pauperis*. In relevant part the Court ruled:

> It is **FURTHER ORDERED** that upon filing of his Complaint, Plaintiff will complete all forms as provided by the Clerk's Office in order for the officers of the Court to issue and serve all process and perform all duties as described in 28 U.S.C. § 1915(d).

(Doc. 4, page 3). Plaintiff subsequently filed his Complaint on December 29, 2025. (Doc. 10).

1

Plaintiff also filed an Emergency TRO seeking the return of his personal vehicle from Defendant henry's Towing Service, LLC which had impounded the vehicle. (Doc. 2). This Court ruled on that motion stating "[a]s the Court has been unable to assess whether Plaintiff may succeed on the merits and a finding that irreparable harm factors weigh against a TRO the Court will decline to grant Plaintiff's motion for a TRO." (Doc. 5, page 5).

Plaintiff now files essentially the same motion five times, asking this Court to order Defendants to immediately return Plaintiff's vehicle within 24 hours; enjoin Defendants from selling, transferring, damaging, dismantling, or asserting any lien against the vehicle; order preservation and return of all personal property contained within the vehicle; and to waive bond due to Plaintiff's demonstrated hardship and the Defendants' exclusive control of the property. (Docs. 11-13). The Court will evaluate the motions below.

## STANDARD

In analyzing a request for a TRO, the Court weighs: 1) probability movant will succeed on the merits; 2) threat of irreparable harm to the movant absent injunction; 3) balance between threatened harm to the movant and harm the injunction would inflict on other interested parties; and 4) the public interest. *Dataphase Sys., Inc. v. C L Syst., Inc.*, 640 F.2d 109, 114 (8th Cir.1981) (en banc). "No single factor is dispositive;" rather, the court must consider all factors to determine whether on balance they weigh towards granting the remedy. *Calvin Klein Cosmetics Corp. v. Lenox Labs., Inc.*, 815 F.2d 500, 503 (8th Cir. 1987).

## DISCUSSION

I.  **Documents 11, 12 and 13**

Plaintiff has filed his motions seeking similar relief to that in his prior Emergency TRO. (Doc. 2). In his prior motion Plaintiff stated that the contents in his personal vehicle were his "work

phone, children's school materials, wallet, legal documents, [a] Nintendo Switch game, and all personal effects." (Doc. 2, page 1). The Court denied Plaintiff's prior Emergency TRO ruling "[a]s the Court has been unable to assess whether Plaintiff may succeed on the merits and a finding that irreparable harm factors weigh against a TRO the Court will decline to grant Plaintiff's motion for a TRO." (Doc. 5, page 5).

> Plaintiff's current motions seek to remedy the irreparable harm factor by alleging:
>
> Defendants unlawfully seized and continue to retain Plaintiff's vehicle. As a direct and ongoing result, Plaintiff has suffered severe and irreparable harm, including but not limited to:
>
> - Loss of the cremated remains (ashes) of Plaintiff's mother and brother, which were inside the vehicle;
>
> - Loss of Plaintiff's ability to work, resulting in loss of income;
>
> - Loss of access to Plaintiff's bank account and financial affairs;
>
> - Emotional distress and irreparable personal harm that cannot be remedied by money damages alone.
>
> The vehicle contains unique, irreplaceable personal property, including human remains, and continued retention by Defendants constitutes ongoing harm.

(Doc. 11, page 2). While Plaintiff seeks to reassert his motions strengthening his irreparable harm argument, he has not shown the injunctive relief factors weigh in favor of granting the injunctive relief he requests. As the Court stated in its earlier order, the Court is unable to assess whether Plaintiff is likely to succeed on the merits. (Doc. 5, page 5). As the Eighth Circuit has held, out of the four factors to be consider by the district court in considering relief, the likelihood of success on the merits is the "most significant." *Kersten v. City of Mandan*, 389 F. Supp. 3d 640, 645–46 (D.N.D. 2019) (quoting *S & M Constructors, Inc. v. Foley Co.*, 959 F.2d 97, 98 (8th Cir. 1992)). Nothing in Plaintiff's motions have persuaded the Court that a granting of injunctive relief is proper. Therefore, the Court will not consider another request for a TRO or injunctive relief until

the time Defendants have been served and are able to respond to Plaintiff's motion. Further, the Court has instructed Plaintiff in its Order granting in part Plaintiff's Motion to Proceed *in Forma Pauperis* that:

> It is **FURTHER ORDERED** that upon filing of his Complaint, Plaintiff will complete all forms as provided by the Clerk's Office in order for the officers of the Court to issue and serve all process and perform all duties as described in 28 U.S.C. § 1915(d).

(Doc. 4, page 3). The docket sheet shows that Plaintiff filed his Complaint on December 29, 2025. However, there is no sign that Plaintiff has completed all forms by the Clerk's Office in order for the Clerk's Office to issue summons and to send the materials to the United States Marshal's for service upon Defendants. Any delay in this case is a result of Plaintiff failing to adhere to the Court's Order to complete the forms as necessary in order for summons and service of process to be effectuated. Once again Plaintiff is Ordered to comply with the directive as stated in this Court's Order granting in part and denying in part Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. (Doc. 4). For the reasons stated, Plaintiff's *Pro Se* Emergency Motions for Immediate Return of Vehicle (Doc. 11), Immediate Return of Vehicle and Temporary Injunctive Relief (Doc. 12), and Immediate Return of Vehicle and Temporary Injunctive Relief (Doc. 13) are **DENIED**. Plaintiff may refile his motion for injunctive relief when Defendants have been served and entered an appearance within this case.

II. Documents 17 and 20

Plaintiff's *Pro Se* Emergency Motion for TRO for Immediate Return of Property (Doc. 17) and Renewed Emergency Motion for TRO (Doc. 20) are like his prior motions, as discussed above, except these two motions are intended for adjudication by a magistrate judge. Plaintiff filed these two motions after filing his *Pro Se* Motion to Disqualify District Judge and for Reassignment to a Magistrate Judge. (Docs. 14-16). As the Court has yet to rule on these motions, the Court finds

4

Plaintiff's *Pro Se* Emergency Motions for a TRO by a Magistrate Judge as premature. For the reasons stated, Plaintiff's *Pro Se* Emergency Motions for TRO for Immediate Return of Property (Doc. 17), and Renewed Emergency Motion for TRO (Doc. 20) are **DENIED**. Plaintiff may refile his motions for a magistrate judge to rule on should the Court grant his *Pro Se* Motion to Disqualify District Court Judge and for Reassignment and Referral to Magistrate Judge.

## CONCLUSION

For the reasons stated, Plaintiff's *Pro Se* Emergency Motions for Immediate Return of Vehicle (Doc. 11); Immediate Return of Vehicle and Temporary Injunctive Relief (Doc. 12); Immediate Return of Vehicle and Temporary Injunctive Relief (Doc. 13); TRO for Immediate Return of Property (Doc. 17); and Renewed Emergency Motion for TRO (Doc. 20) are **DENIED**. Plaintiff may refile his motion for injunctive relief when Defendants have been served and entered an appearance in this case. Plaintiff may also refile his motions for a magistrate judge to rule on should the Court grant his *Pro Se* Motion to Disqualify District Court Judge and for Reassignment and Referral to Magistrate Judge.

It is **FURTHER ORDERED** that:

(1) The Clerk of the Court is directed to forward appropriate process forms to Plaintiff.

(2) Within thirty (30) days, Plaintiff shall return the completed summons and service forms to the Clerk's office showing the address where Defendants may be served in accordance with Federal Rule of Civil Procedure 4.

(3) Upon receipt of the completed summons and service forms, the Clerk of the Court is directed to issue appropriate summons as authorized by Federal Rule of Civil Procedure 4, and deliver the summons, the Complaint, and a copy of this Order to the United States Marshal for service of process.

**IT IS SO ORDERED**.

DATED: January 21, 2026

                                       */s/ Douglas Harpool*
                                       **DOUGLAS HARPOOL**
                                       **UNITED STATES DISTRICT JUDGE**