**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **LARRY LEXXLOU FLENOID II,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 6:25-cv-03362-MDH |
| | ) | |
| **HENRY'S TOWING SERVICE, LLC et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

Before the Court are Plaintiff Larry LexxLou Flenoid II's *Pro Se* Motions to Disqualify the District Judge, for Reassignment and Referral to Magistrate Judge with Renewed Request for Emergency Relief and Marshal Service. (Docs. 14-16). Plaintiff asks this Court to have the Honorable Judge M. Douglas Harpool recuse himself from all further proceedings in this case, have the case be reassigned to a magistrate judge, and requests for the U.S. Marshals to effectuate service upon Defendants. *Id.* Defendants have yet to be served in this case. The Court will now proceed to adjudication on these motions based on the merits. For the reasons stated herein, Plaintiff's *Pro Se* Motions to Disqualify the District Judge and for Reassignment and Referral to Magistrate Judge with Renewed Request for Emergency Relief are **DENIED** and Plaintiff's Requests for Marshal Service are **FOUND AS MOOT**.

**I.      Motion to Disqualify the District Judge and Reassignment to Magistrate Judge**

Under section 455(a), a judge is required to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned. 28 U.S.C. § 455(a). Under § 455(a), "disqualification is required if a reasonable person who knew the circumstances would questions the judge's impartiality, even though no actual bias or prejudice has been shown." *Fletcher v.*

1

*Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003) (quoting *United States v. Tucker*, 78 F.3d 1313, 1324 (8th Cir. 1996)). The existence of a ruling with which a litigant disagrees does not constitute a basis for recusal without a clear showing of bias or partiality. *Fletcher v. Conoco Pipeline, Inc.*, 323 F.3d 661, 665–66 (8th Cir. 2003). An alleged personal bias must "stem from an extrajudicial source," not from "the judge's view of the law[.]" *Akins v. Knight*, No. 2:15-CV-4096-NKL, 2016 WL 127594, at *2 (W.D. Mo. Jan. 11, 2016), *aff'd*, 863 F.3d 1084 (8th Cir. 2017). "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Pope v. Fed. Express Corp.*, 974 F.2d 982, 985 (8th Cir. 1992).

Plaintiff argues that he sought a Temporary Restraining Order ("TRO") and emergency relief for the return of his vehicle and its contents. (Doc. 14, page 2). Plaintiff alleges that this Court "expressly acknowledged irreparable harm in its prior Order yet declined to issue relief or enforce protection, allowing Defendants to continue withholding Plaintiff's property. *Id.* Plaintiff argues that the Court's inaction, despite recognized irreparable harm, materially contributed to these losses creating an appearance of partiality, administrative failure, or inability to provide effective relief, warranting reassignment under federal law. *Id*.

Plaintiff misreads the Court's prior Order. On December 4, 2025, this Court denied Plaintiff's *Pro Se* Emergency Motion for a TRO. (Doc. 5). In relevant part the Court Order stated:

> "Irreparable harm" signifies harm for which "a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages." *Gen. Motors Corp v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009)….While Plaintiff has demonstrated harm, *he has failed to show that he has no adequate remedy at law*….As his injuries can be addressed through an award of damages, Plaintiff has failed to show the need for equitable relief through a TRO. For the reasons stated, *the irreparable harm factor weighs against the granting of a TRO*.

(Doc. 5, page 4) (emphasis added). The Court found that Plaintiff has not suffered irreparable harm because he has an adequate remedy at law. *Id*. As such, this Court found that the irreparable harm factor weighed against the granting of a TRO. *Id*. This Court found Plaintiff failed to satisfy the irreparable harm factor and thus granting of a TRO was improper. *Id*. Further, the existence of a ruling with which a litigant disagrees does not constitute a basis for recusal without a clear showing of bias or partiality. Plaintiff has failed to show any basis that would clear the heavy threshold necessary to succeed on a motion for recusal. As such, Plaintiff's motion fails. For the reasons stated herein, Plaintiff's *Pro Se* Motions to Disqualify the District Judge and Reassignment to a Magistrate Judge are **DENIED**.

## II. Request for Marshal Service and Enforcement

28 U.S.C. § 1915(d) states that, for purposes of proceedings in forma pauperis, "[t]he officers of the court shall issue and serve all process and perform all duties in such cases." *Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997). However, a plaintiff bears the burden of providing proper service information. *BEYER v. Pulaski Cnty. Jail*, 589 F. App'z 798, 799 (8th Cir. 2014); *see also Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993).

Plaintiff next argues that he has been granted *in forma pauperis* status, but despite this Defendants have ignored Plaintiff, Plaintiff's mail is being returned unopened and no responses have been received. (Doc. 14, page 3). Plaintiff thus asks this Court that the United States Marshals Service be directed to effect service of process on all Defendants and relevant agents. *Id*.

This Court has previously authorized Plaintiff's request. On December 2, 2025, this Court granted in part and denied in part Plaintiff's *Pro Se* Motion for Leave to Proceed *In Forma Pauperis*. Specifically, this Court ruled:

> It is **FURTHER ORDERED** that upon filing of his Complaint, Plaintiff will
> complete all forms as provided by the Clerk's Office in order for the officers of the

3

Court to issue and serve all process and perform all duties as described in 28 U.S.C. § 1915(d).

(Doc. 4, page 3). Plaintiff filed his Complaint on December 29, 2025, but has failed to complete all forms as necessary for summons to be issued by the Clerk's Office and for service to be effectuated. On January 21, 2026, this Court denied Plaintiff's *Pro Se* Emergency Motions for Injunctive Relief (Docs. 11-13, 17 and 20) and once again instructed Plaintiff on what he needed to do in order for service to be effectuated by the United States Marshals. (Doc. 23). The Court ruled:

> It is **FURTHER ORDERED** that:
>
> (1) The Clerk of the Court is directed to forward appropriate process forms to Plaintiff.
>
> (2) Within thirty (30) days, Plaintiff shall return the completed summons and service forms to the Clerk's office showing the address where Defendants may be served in accordance with Federal Rule of Civil Procedure 4.
>
> (3) Upon receipt of the completed summons and service forms, the Clerk of the Court is directed to issue appropriate summons as authorized by Federal Rule of Civil Procedure 4, and deliver the summons, the Complaint, and a copy of this Order to the United States Marshal for service of process.

(Doc. 23, page 5). The Plaintiff bears the burden of providing proper service information to the Clerk's office and any delays in this litigation is the result of Plaintiff's failing to provide the completed summons and service forms to the Clerk's office. For the reasons stated, Plaintiff's Requests for Marshal Service and Enforcement are **FOUND AS MOOT**.

## CONCLUSION

For the reasons stated, Plaintiff's *Pro Se* Motions to Disqualify the District Judge, for Reassignment and Referral to a Magistrate Judge with Renewed Request for Emergency Relief (Docs. 14-16) are **DENIED**. Plaintiff's request for Marshal Service are **FOUND AS MOOT**.

4

**IT IS SO ORDERED.**

Dated:  January 27, 2026                               /s/ Douglas Harpool
                                                       **DOUGLAS HARPOOL**
                                                       **UNITED STATES DISTRICT JUDGE**