IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

Case No. 6:25-cv-03362-MDH



# PLAINTIFF'S MOTION FOR RECUSAL, REASSIGNMENT, AND ALTERNATIVE MOTION FOR CHANGE OF VENUE

**COMES NOW** Plaintiff, Larry LexxLou Flenoid II, appearing pro se, and respectfully moves this Court for an Order:

1. **Recusing United States District Judge Douglas Harpool** from further proceedings in this matter pursuant to **28 U.S.C. § 455(a) and (b)**;

2. **Reassigning this matter to a different judicial officer**, preferably a magistrate judge for all pretrial proceedings;

3. **Alternatively,** transferring venue to a district where Plaintiff can obtain a fair and impartial adjudication pursuant to **28 U.S.C. §§ 1404(a) or 1406(a)**.

This motion is based on the following:

## LEGAL STANDARD FOR RECUSAL

Under **28 U.S.C. § 455(a)**, a judge *must* disqualify himself in any proceeding in which his impartiality might reasonably be questioned. The standard is not actual bias — it is **appearance of bias**.

Under **§ 455(b)(1)**, recusal is required where the judge has personal knowledge of disputed evidentiary facts or has demonstrated conduct that effectively deprives a party of due process.

## II. FACTUAL BASIS FOR RECUSAL

1. Plaintiff was granted leave to proceed **in forma pauperis**, triggering the Court's statutory duty to effect service through the U.S. Marshals under **28 U.S.C. § 1915(d)**.

2. Plaintiff repeatedly notified the Court that:
    - Defendants were refusing service;
    - Mail was being returned or interfered with;
    - Certain mail was selectively held by the post office;
    - Plaintiff lacks funds to independently remedy service interference.

3. Despite notice, the Court has repeatedly:
    - Attributed delay to Plaintiff;
    - Denied emergency relief solely due to lack of service;
    - Refused to order Marshal service or intervene;
    - Continued to deny injunctive relief while ongoing harm persists.

4. This has resulted in:
    - Loss of Plaintiff's vehicle;
    - Loss of access to work and income;
    - Loss of access to financial affairs;
    - Continued retention of **human remains (ashes of Plaintiff's mother and baby brother)**;
    - Ongoing deprivation of property without a hearing.

5. The Court's repeated refusal to act **after notice of interference** has created an appearance of partiality and has effectively denied Plaintiff meaningful access to the courts.

## III. DUE PROCESS VIOLATION

Due process requires **a meaningful opportunity to be heard**.
Procedural barriers imposed after notice of interference constitute **state-aided deprivation** when the Court declines to correct them.

Plaintiff is now trapped in a procedural loop:

- Service is required to obtain relief;
- Service is blocked by third parties;
- The Court refuses to remedy the blockage;
- Relief is denied because service is blocked.

This circular denial violates fundamental fairness and requires immediate reassignment.

### IV. REQUEST FOR REASSIGNMENT OR TRANSFER

Because impartiality may reasonably be questioned, Plaintiff respectfully requests:

- Immediate recusal of Judge Harpool;
- Reassignment to another judicial officer;
- Or transfer to a venue where Plaintiff can obtain fair adjudication.

### V. CONCLUSION

Plaintiff does not seek favoritism — only a forum where procedural rules are not weaponized to prevent adjudication.
Justice delayed through administrative paralysis is justice denied.

**WHEREFORE**, Plaintiff respectfully prays that this Court:

1. Grant this Motion for Recusal and Reassignment;
2. Alternatively, transfer venue;
3. Grant such other relief as justice requires.