IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| LARRY LEXXLOU FLENOID, II, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 6:25-cv-03362-MDH |
| HENRY'S TOWING SERVICE, LLC et al., | ) |
| Defendants. | ) |

## ORDER

The Court, *sua sponte*, under Federal Rule of Civil Procedure 12(b)(5) moves to quash service to the following parties issued summons: Greene County Sheriff Jim Arnott; Greene County Deputies Schilling, Gold, Kelly; Bryan Feemster; David Ankrom; Amy Collins; and Aaron W. Freeman in this action.

On November 25, 2025, Plaintiff filed a *Pro Se* Motion for Leave to Proceed *In Forma Pauperis* ("IFP") to which this Court granted in part and denied in part on December 2, 2025. (Docs. 1 and 4). Pursuant to 28 U.S.C. § 1915(d) Plaintiff requested this Court to issue summons and service upon Defendants in this case. Plaintiff filed a Clerk-Directed Compliance Notice instructing the Court on service information for Defendants. (Doc. 26-1). In addition, Plaintiff also provided service information on individuals either not named as Defendants in the case, or to individuals who work for a Defendant in the case but are not themselves Defendants. The Court instructed the Clerk's Office to issue summons and forward to the U.S. Marshal the service information as provided by Plaintiff. (Doc. 27). In further review, the Court must quash certain service for failure to follow Federal Rule of Civil Procedure 4.

1

"[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.'" *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987) (quoting *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444–45, 66 S.Ct. 242, 90 L.Ed. 185 (1946) (alteration by the *Omni Capital* Court)). Thus, "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Id.*

Plaintiff's Complaint listed Henery's Towing Service, LLC, Greene County, Missouri, Greene County Sheriff's Office, and Athens Program Insurance Services as Defendants in this case.[1] Plaintiff's Service Information Sheet had listed the service information for Henry's Towing Service, LLC; Greene County Sheriff Jim Arnott; Greene County Deputies Schilling, Gold and Kelly; Bryan Feemster, David Ankrom, and Amy Collins; Misty Walters, Kim Nakashima-Moran; Aaron W. Freeman; and Athens/Obsidian Insurance. (Doc. 26-1). The Court instructed the issuance of summons as to these individuals and service by the U.S. Marshal's Office. (Doc. 27). For the reasons stated below, the Court will quash service to Aaron W. Freeman, Bryan Feemster, David Ankrom, and Amy Collins.[2]

I. Serving a Local Government

Federal Rule of Civil Procedure 4(j) governs serving a foreign, state, or local government. It states in relevant part that:

---

[1] The Court in its Order granting in part and denying in part Plaintiff's Motion for IFP dismissed the Greene County Sheriff's Office as it is not a suable entity.

[2] In the initial review of Plaintiff's Service Information Sheet, the Court declined to instruct the Clerk's Office to issue summons to Misty Walters and Kim Nakashima-Moran as they were not named Defendants and these individuals were not named in connection to any named Defendant in this case.

> A state, a municipal corporation, or any other state-crated governmental organization that is subject to suit must be served by:
>
>> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
>>
>> (B) serving a copy of each in the manner prescribed that state's law for serving a summons or like process on such defendant.

Mo. Rev. Stat. § 506.150 governs summons and petitions in the State of Missouri. It states:

> Upon a public, municipal, governmental, or quasi-public corporation or body, by delivering a copy of the summons and of the petition to the clerk of the county commission in the case of a county, to the mayor or city clerk or city attorney in the case of a city, and to the chief executive officer in the case of any other public, municipal, governmental or quasi-public corporation or body. If there is, for the time being, no such officer as is specified by this subdivision, the court may designate an appropriate officer to whom the copies of the summons and petition may be delivered in order to effect service.

Mo. Rev. Stat. § 506.150.1(5).

Here, Plaintiff individually listed Greene County Sheriff Jim Arnott; Greene County Deputies Schilling, Gold, Kelly; Bryan Feemster; David Ankrom; and Amy Collins. None of these individuals are sued in their individual or official capacities nor are they named Defendants in this action. As such, the Court finds service to Sheriff Arnott; Deputies Schilling, Gold, Kelly; Mr. Feemster; Mr. Ankrom; and Ms. Collins should be quashed in this case. However, the Court notes that Greene County, Missouri, a Defendant in this action, has not been issued summons. Thus, the Court will order the Clerk's Office to issue a summons to Greene County, Missouri at 940 N Boonville Ave, Springfield, Missouri 65802 pursuant to Mo. Rev. Stat. § 506.150.1(5).

**II.     Serving a Corporation, Partnership or Association**

Federal Rule of Civil Procedure 4(h) governs the process for serving a corporation, partnership, or association. It states:

Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

(1) in a judicial district of the United States:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a manager or general agent, or any other agent authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to defendant; or

(2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Here, Plaintiff listed Aaron W. Freeman along with Athens/Obsidian Insurance in his Service Information Sheet. Summons was issued to Aaron W. Freeman in his individual capacity. As Aaron W. Freeman is not sued in his individual capacity nor a named Defendant in this action. Thus, the Court finds service to Mr. Freeman should be quashed in this case. As summons has been properly issued as to Athens/Obsidian Insurance and is in the process of service, the Court need not reissue summons or service as to Defendant Athens/Obsidian Insurance.

## CONCLUSION

For the reasons stated, service is quashed as to Greene County Sheriff Jim Arnott; Greene County Deputies Schilling, Gold, Kelly; Bryan Feemster; David Ankrom; Amy Collins; and Aaron W. Freeman in this action.

It is **FURTHER ORDERED** that the Clerk's Office will issue summons to Greene County, Missouri and deliver the summons, the Complaint, and a copy of this Order to the United States Marshal for service of process.

**IT IS SO ORDERED.**

DATED: February 12, 2026

                */s/ Douglas Harpool*
                **DOUGLAS HARPOOL**
                **UNITED STATES DISTRICT JUDGE**