IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| LARRY LEXXLOU FLENOID II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:25-cv-03362-MDH |
| | ) | |
| HENRY'S TOWING SERVICE, LLC et. al, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS ATHENS PROGRAM INSURANCE SERVICES' AND OBSIDIAN INSURANCE COMPANY'S JOINT MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND FOR FAILURE TO STATE A CLAIM**

Defendants Athens Program Insurance Services and Obsidian Insurance Company, by and through the undersigned counsel, and for their Joint Motion to Dismiss For Insufficient Service Of Process And For Failure To State A Claim, pursuant to Fed. R. Civ. Pro. 12(b)(5) and (6), incorporating by reference its Suggestions In Support Of Its Motion To Dismiss For Insufficient Service Of Process And For Failure To State A Claim, states as follows,

1. Plaintiff filed this action against various people and entities relating to the seizure of two of his vehicles and personal belongings.

2. Plaintiff has attempted to include Obsidian Insurance Company and its third-party administrator, Athens Program Insurance Services, as defendants (collectively the "Insurance Defendants").

1

3. Plaintiff directed the U.S. Marshals to serve the Insurance Defendants by serving their undersigned attorney, Aaron Freeman, at his office in St. Louis, Missouri.

4. This attempt at service was improper because Mr. Freeman was not and is not authorized to accept service for either Obsidian or Athens.

5. The undersigned rejected the attempted service and spoke with the U.S. Marshal attempting to service to advise of that fact.

6. Federal Rule of Civil Procedure 12(b)(5) provides for a pre-answer motion to dismiss for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). "If a defendant is improperly served, a federal court lacks jurisdiction over the defendant." *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993).

7. "The burden lies with the plaintiff to demonstrate sufficient process and service; when process or service is challenged, the plaintiff must make a prima facie showing that the court's personal jurisdiction is properly exercised." Adkins v. Option One Mortg. Corp., No. 08-0286-CV-W-FJG, 2009 U.S. Dist. LEXIS 46, at *16 (W.D. Mo. January 5, 2009) (citations omitted).

8. Plaintiff has failed to state a claim against the Insurance Defendants because neither is named nor even mentioned in Plaintiff's Complaint, and, even if they were, Plaintiff cannot maintain a direct action against the Insurance Defendants under Missouri law.

9. A complaint must be dismissed if the Plaintiff fails to state a claim upon which relief can be granted. F.R.C.P. 12(b)(6). A complaint fails to state a claim where it does not plead sufficient facts to state a claim to relief that is plausible on its face; recitals

2

of the elements, supported only by conclusory statements, do not state a claim for relief. *White v. Steak N Shake*, 2014 WL 1775482 (E.D. Mo. May 2, 2014).

Athens Program Insurance Services and Obsidian Insurance Company respectfully request that the Court dismiss them from this case.

**KNIGHT MACKAY MORROW, LLC**

*/s/ Aaron W. Freeman*
Elaine M. Moss　　　　#44674
Aaron W. Freeman　　　#72805
100 S. Brentwood, Blvd., Suite 250
St. Louis, MO 63105
(314) 949-2289 (Phone)
(816) 396-6233 (Fax)
moss@kmmlaw.com
freeman@kmmlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing instrument was forwarded on March 13th, 2026, by the Court's electronic notification system, to all counsel of record and by U.S. Mail, postage prepaid, to the following:

Larry LexxLou Flenoid II
4315 W. LaSiesta Springfield, MO 65802

*/s/ Aaron W. Freeman*