# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

LARRY LEXXLOU FLENOID II,      )
                                  )
      Plaintiff,      )
                                    )
v.      )      Case No. 6:25-cv-03362-MDH
                                    )
HENRY'S TOWING SERVICE, LLC      )
et. al,      )
                                    )
      Defendants.      )

## DEFENDANT AARON FREEMAN'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND OTHER RELIEF

Defendant Aaron Freeman, by and through the undersigned counsel, and for his Motion To Dismiss For Failure To State A Claim, pursuant to Fed. R. Civ. Pro. 12(b)(6), incorporating by reference his Suggestions In Support, states as follows,

1. The Plaintiff has engaged in a repeated and ongoing pattern of improper conduct aimed at harassing individuals and entities he contends wronged him.

2. This conduct has culminated in the present action in which the Plaintiff now asserts various frivolous and baseless claims against numerous individuals and entities that have drawn his ire.

3. After the Court quashed service on various entities and individuals who were not named as defendants and other parties filing Rule 12 Motions, the Plaintiff filed a Pro Se First Amended Complaint on March 23, 2026. Docs. 31, 35, 39, 41, and 44.

4. The First Amended Complaint identifies Mr. Freeman as a Defendant in his individual capacity.[1]

5. Mr. Freeman vehemently denies that any communications with Plaintiff were improper.

6. A complaint must be dismissed if the Plaintiff fails to state a claim upon which relief can be granted. F.R.C.P. 12(b)(6). A complaint fails to state a claim where it does not plead sufficient facts to state a claim to relief that is plausible on its face; recitals of the elements, supported only by conclusory statements, do not state a claim for relief. *White v. Steak N Shake*, 2014 WL 1775482 (E.D. Mo. May 2, 2014).

7. The First Amended Complaint is devoid of any factual allegations establishing a viable cause of action against Mr. Freeman.

8. Even if Plaintiff had, based on the bare, conclusory assertion Plaintiff made, Missouri's and the Federal Court's litigation or absolute privilege applies and precludes any suit based on any letter sent by Mr. Freeman related to the subject matter of Plaintiff's claims or suits.

9. "Absolute immunity for participants in a judicial or quasi-judicial process is 'necessary to assure that judges, advocates, and witnesses can perform their respective functions without harassment or intimidation,'" and "extends even to false statements." *Richardson v. Bd. of Police Comm'rs of Kansas City, Missouri*, No. 04-0351-CV-W-RED,

---

[1] Mr. Freeman has not been properly served in this matter. However, in the interest of judicial economy and putting this matter to rest, Mr. Freeman in voluntarily appearing for the purposes of raising this motion.

2006 WL 51187, at *10 (W.D. Mo. January 10, 2006) (quoting *Butz v. Economou*, 428 U.S. 478, 512 (1978)).  This extends to communications related to judicial and quasi-judicial proceedings, including pre-suit communications by attorneys, such as demands.  *Alternate Fuels, Inc. v. Cabanas*, 435 F.3d 855, 859 (8th Cir. 2006); *Trachsel v. Two Rivers Psychiatric Hosp.*, 883 F. Supp. 442, 443 (W.D. Mo. 1995).

10.     Finally, the Plaintiff appears to be trying to bring this action on behalf of "KlownLife Estate Trust PMA" again.  Doc. 44, at p. 1.  To the extent this is the case, Plaintiff is knowingly engaging in the unauthorized practice of law as he cannot represent any other entities.  This Court already informed Plaintiff that he cannot represent "KlownLife Estate Trust PMA" when it dismissed his other action brought on behalf of it.  Mr. Freeman requests that the Court strike any claims asserted on behalf of "KlownLife Estate Trust PMA"; prohibit Plaintiff from filing on behalf of any entity; and warn Plaintiff that further violations may result in sanctions or filing restrictions.

Mr. Freeman respectfully request that the Court dismiss him from this case.

Respectfully submitted,

**KNIGHT MACKAY MORROW, LLC**

 */s/ Derek H. MacKay*
Derek H. MacKay                    #23213
4510 Belleview Avenue, Suite 300
Kansas City, MO  64111
Office Main: (816) 396-0161
Facsimile: (816) 396-6233
Email: mackay@kmmlaw.com
**ATTORNEY FOR DEFENDANT**
**AARON FREEMAN**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and accurate copy of the foregoing instrument was forwarded on March 30, 2026, by the Court's electronic notification system, to all counsel of record and by U.S. Mail, postage prepaid, to the following:

Larry LexxLou Flenoid II
4315 W. LaSiesta Springfield, MO 65802

*/s/ Derek H. MacKay*