MAR 3 1 2026

Larry LexxLou Flenoid II
Plaintiff

v.

Henry's Towing Service, LLC, et al.
Defendants

Case No. 6:25-cv-03362-MDH

---

## PLAINTIFF'S FINAL RESPONSE, RECORD PRESERVATION STATEMENT, RENEWED REQUEST FOR RETURN OF PROPERTY, AND NOTICE OF INTENT TO SEEK APPELLATE REVIEW

Plaintiff Larry LexxLou Flenoid II, appearing **sui juris and in propria persona**, respectfully submits this Final Response and Record Preservation Statement.

This filing is made for the purpose of clearly placing Plaintiff's position, objections, and factual record before the Court and preserving Plaintiff's rights to seek review from a higher court if relief is not granted.

---

## SECTION I
## BACKGROUND OF THE DISPUTE

This matter arises from the seizure and continued retention of Plaintiff's vehicle and personal property following Plaintiff's detention on or about **May 13, 2025**.

While Plaintiff was detained, the vehicle he had been operating was towed by Defendant **Henry's Towing Service, LLC**.

After Plaintiff's release, Plaintiff made repeated efforts to retrieve the vehicle and his personal property.

Those efforts included written correspondence, demands for return of property, and multiple filings before this Court requesting assistance and relief.

The Court itself acknowledged in a prior order that:

"Mr. Flenoid has filed five times for the return of the vehicle."

This acknowledgment demonstrates that Plaintiff consistently attempted to recover his property through lawful court processes.

---

## SECTION II
## DEFENDANT'S CLAIM OF ABANDONMENT IS CONTRADICTED BY THE RECORD

Defendant Henry's Towing Service asserts that Plaintiff abandoned the vehicle.

That assertion is contradicted by the record of this Court.

Plaintiff repeatedly petitioned this Court for the return of the vehicle.

A person who abandons property does not repeatedly petition the Court for its return.

Defendant's claim of abandonment is therefore inconsistent with the record and unsupported by the documented procedural history of this case.

---

## SECTION III
## RETALIATION AND OBSTRUCTION

Plaintiff further states that Defendant Henry's Towing intentionally obstructed Plaintiff's attempts to retrieve the vehicle.

During a telephone conversation witnessed by several individuals, including **Sue Schuler**, an employee of Henry's Towing stated that they were going to **"make it hard" for Plaintiff to retrieve the vehicle because of actions Plaintiff had taken**, including filing liens and pursuing legal remedies.

During that communication Henry's Towing personnel further stated that:

• Plaintiff was banned from the property
• Plaintiff would be arrested if he appeared at the facility
• Plaintiff would be required to send a proxy and involve law enforcement in order to retrieve the vehicle

These statements demonstrate that Defendant intentionally created barriers preventing Plaintiff from retrieving his property.

Plaintiff also received threatening correspondence from **Aaron Freeman,** claiming to represent Henry's Towing.

Despite these circumstances, Plaintiff chose to pursue lawful remedies through the courts rather than attempting to retrieve the property through confrontation.

## SECTION IV
## CONTINUING IRREPARABLE HARM

The continued withholding of Plaintiff's vehicle and personal property has caused severe and ongoing harm including:

loss of employment
inability to obtain employment due to withheld identification documents
loss of transportation
loss of personal belongings and essential property

Among the items lost were personal effects including the remains of Plaintiff's deceased family members.

These harms remain ongoing.

## SECTION V
## LEGAL PRINCIPLES GOVERNING SEIZURE OF PROPERTY

The United States Supreme Court has recognized that the seizure of personal property in The Fourth plicates constitutional protections.

**Soldal v. Cook County, 506 U.S. 56 (1992)** Amendment protects against unreasonable seizure of property.

*Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982)*
Private parties jointly engaged with state officials may be considered state actors for purposes of liability.

*Dennis v. Sparks, 449 U.S. 24 (1980)*
Private actors who participate in the deprivation of constitutional rights together with state officials may be liable under §1983.

*Fuentes v. Shevin, 407 U.S. 67 (1972)*
Due process protections apply before individuals are deprived of property.

## SECTION VI
## PRESERVATION OF OBJECTIONS FOR THE RECORD

Plaintiff respectfully preserves all objections to rulings issued in this matter, including but not limited to:

denial of requests for injunctive relief
dismissal of defendants on service grounds
acceptance of the abandonment defense despite contrary evidence

These objections are preserved for purposes of appellate review.

## SECTION VII
## RENEWED REQUEST FOR RELIEF

Plaintiff respectfully requests that the Court order the immediate return of Plaintiff's vehicle and personal property and grant such relief as the Court deems just and proper.

## SECTION VIII
## NOTICE OF INTENT TO SEEK APPELLATE REVIEW

Plaintiff respectfully states that this filing is intended to preserve the record.

If the requested relief is not granted, Plaintiff intends to seek review from the appropriate appellate court.

## CONCLUSION

The record demonstrates that Plaintiff repeatedly attempted to retrieve his property through lawful means.

Defendant's assertion that Plaintiff abandoned the vehicle is contradicted by the Court's own acknowledgment that Plaintiff filed multiple times seeking its return.

Plaintiff respectfully places this statement into the record and preserves his rights to seek review by a higher court.

**Respectfully submitted**

**Without Recourse Without Prejudice**

Dated: **March 13, 2026**

Larry LexxLou Flenoid II
435 W. LaSiesta
Springfield, Missouri 65802

Larry LexxLou Flenoid II
Appearing **Sui Juris and In Propria Persona**

Phone: (314) 557-6929
Email: RLRC.Uhaul@gmail.com

---

**CERTIFICATE OF SERVICE**

I hereby certify that on this **13th day of March, 2026**, a true and correct copy of the foregoing filing was served upon all parties of record through the Court's electronic filing system or by appropriate service method.

**Larry LexxLou Flenoid II**

**Signature:** _____