**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | |
|---|---|
| LARRY LEXXLOU FLENOID, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )    Case No. 6:25-cv-03362-MDH |
| | ) |
| HENRY'S TOWING SERVICE, LLC et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court are Plaintiff's *Pro Se* Motions to Compel Insurance and Indemnification Disclosures, Motion for Leave to File Second Amended Complaint (Doc. 6); Compel Recognition (Doc. 7); Recusal, Reassignment, and Alternative Motion for Change of Venue (Doc. 25); and Plaintiff's Final Response, Record Preservation Statement, Renewed Request for Return of Property, and Notice of Intent to Seek Appellate Review. (Doc. 55). The Defendants have not filed a response and the time to do so has elapsed. The motions are now ripe for adjudication on the merits. For the reasons stated herein, Plaintiff's *Pro Se* Motions are **DENIED**.

## BACKGROUND

This case arises from the repossession of Plaintiff's personal vehicle. Plaintiff Larry LexxLou Flenoid II is a resident of the State of Missouri. Defendants Greene County Sheriff Jim Arnott, Deputies Gold, Schilling, and Kelley are all employees of the Greene County Sheriff's Department and are being sued in their individual and official capacities. Plaintiff additionally lists Defendants Greene County, Missouri, Greene County Sheriff's Office, Obsidian Insurance

1

Company and Amguard Insurance Company as Defendants in his First Amended Complaint ("Complaint").[1,2]

While Plaintiff's Complaint is scarce of factual allegations, Plaintiff alleges that on May 13, 2025, that he was detained against his will without a lawful basis and that his vehicle was subsequently seized and transferred to Henry's Towing Service, LLC. Plaintiff further alleges that he requested Henry's Towing Service, LLC to return his vehicle, but Defendants claimed the vehicle was abandoned. Plaintiff then alleges various misconduct and obstruction from judges, clerks, and court personnel ranging from the St. Louis County Probate Court to the Circuit Court of Greene County, Missouri.

Plaintiff's Complaint lists seven different counts: Count I - Unlawful Detention (Fourth and Fourteenth Amendment); Count II - Unlawful Seizure/Conversion; Count III - Denial of Access to the Courts; Count IV - Due Process Violations; Count V - Civil Rights (42 U.S.C. § 1983); Count VI - Failure to Train/Supervise; and Count VII - Intimidation/Retaliation. Plaintiff brings his current motions seeking a variety of requests. The Court will take each motion in turn.

---

[1] Plaintiff additionally lists Defendants Bryan Feemster, Doug Ankrom, Misty Walters, Kim Nakashima-Moran, Aaron Freeman, the Missouri Department of Social Services, Missouri Attorney General's Office, Greene County Commission, and the St. Louis County Probate Court in this action. However, On April 9, 2026, this Court held a Telephone Conference with the parties to ascertain the claims and factual allegations Plaintiff is attempting to assert. (Doc. 58). Pursuant to that Telephone Conference, the Court Ordered that Plaintiff is granted leave to file a Seconded Amended Complaint and to list only the parties and claims that are directly related to the actions or omissions stemming from the May 13, 2025, and November 14, 2025, incidents with the Greene County Sheriff's Department. *Id*. Plaintiff was instructed that he may pursue claims against Defendants Greene County, Missouri; the individually listed Greene County Deputies; and Henry's Towing Service, LLC. *Id*. While Plaintiff has yet to file his Second Amended Complaint, the Court notes the Defendants in that Order and will omit for purposes of this motion Plaintiff's other named Defendants in his First Amended Complaint.

[2] On December 2, 2025, the Court granted in part Plaintiff's *Pro Se* Motion for Leave to Proceed in Forma Pauperis. (Doc. 4). As part of this Court's Order Plaintiff was not permitted to proceed against the Greene County Sheriff's Department as it is not a suable entity. *Id*. To the extent that Plaintiff attempts to reraise the Greene County Sheriff's Department as a Defendant in this case, the Greene County Sheriff's Department is hereby dismissed. Additionally, the Court informed Plaintiff that he may not sue the insurance companies directly during the April 9, 2026, Telephone Conference. As such, to the extent Plaintiff attempts to sue Obsidian Insurance Company and Amguard Insurance Company, those parties are likewise dismissed.

2

**DISCUSSION**

**I.    Motion to Compel Insurance and Indemnification Disclosures**

Plaintiff seeks an order compelling Defendants to produce mandatory insurance and indemnification disclosures as required by Federal Rule of Civil Procedure 26. Plaintiff argues that despite proper demand, Defendants have failed to provide complete disclosures identifying coverage that may satisfy all or part of a judgment. Specifically, Plaintiff asserts that Defendants have not produced declaration pages, policy numbers, limits, reservation-of-right letters, excess/umbrella polices, or governmental self-insurance/indemnification provisions applicable to the counts within his Complaint. Plaintiff states that these disclosures are automatic and not contingent on liability.

Federal Rule of Civil Procedure 26 governs the parties duty to disclose as well as the general provisions governing discovery. Federal Rule of Civil Procedure 26(c) specifically details the time for initial disclosures and states:

> *A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference* unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and state the objection in the proposed discovery plan. In ruling on the object, the court must determine what disclosures, if any, are to be made and must set the time for disclosure.

(Emphasis added). Here, not all parties have been served in this case and thus the Court has not filed a Rule 16 Notice to the parties setting the timing for a Rule 26(f) conference. Once service has been effectuated to the parties in this case, the Court will issue a Rule 16 Notice setting forth the deadlines for when the parties are to have a Rule 26(f) conference and when a proposed scheduling order is due to the Court. Once the parties have their Rule 26(f) conference the Defendants will have 14 days after that date to provide the initial disclosures as mandated by Rule

3

26. Until that time, Plaintiff's motion is premature. For these reasons, Plaintiff's *Pro Se* Motion to Compel Insurance and Indemnification Disclosures is **DENIED**.

## II.     Motion for Leave to File Second Amended Complaint

Plaintiff next asks the Court for leave to file a second amended complaint. Plaintiff argues that newly disclosed insurance and indemnification information materially affects allegations regarding scope of employment, policy/custom, negligent supervision, and claims-handling conduct. Plaintiff states that the proposed additions in his amended complaint will clarify acts within scope triggering indemnity; *Monell* policy/custom allegations tied to coverage; bad-faith/negligent claims-handling facts; and will add declaratory relief specifying coverage obligations.

Federal Rule of Civil Procedure 15 governs amended and supplemental pleadings. It states in relevant part:

> (a) Amendments Before Trial.
>
> > (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course no later than:
> >
> > > (A) 21 days after serving it, or
> > >
> > > (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service3 of a motion under Rule 12(b), (e), or (f), Whicher is earlier.
> >
> > (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15 (a)(1)-(2). Leave "should normally be granted absent good reason for denial. The classic 'good reasons' for rejecting an amendment are: 'undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment.'" *Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d

4

928, 943 (8th Cir. 2000) (internal citations omitted). The party opposing amendment bears the burden of proving that some reason exists to deny leave to amend. *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001). "[W]hether to allow a party to amend her complaint is left to the sound discretion of the district court[.]" *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008).

The Court has already granted Plaintiff's request to file a second amended complaint in this action. (Docs. 58 and 62). Plaintiff having already been granted leave to file a second amended complaint, the Court will find this motion as moot. For the reasons stated, Plaintiff's *Pro Se* Motion for Leave to File Second Amended Complaint is **FOUND AS MOOT**.

### III. Motion to Compel Recognition

Plaintiff's Motion to Compel Recognition asks the Court for recognition of: (1) Plaintiff's identity and status as established by certified Missouri records; (2) issuing authority certified by the Missouri Secretary of State; (3) authentication by the United States Department of State granting full faith and credit. (Doc. 7, page 1). Plaintiff argues that the record is unrebutted and further asks that the Court to direct the clerk and the parties to acknowledge the record. *Id.*

Here Plaintiff has attached a self-titled affidavit of identity, status and authenticated record. (Doc. 7).[3] The affidavit states:

> I, Larry LexxLous Flenoid II, being competent to testify and of lawful age, hereby declare and affirm as follows:
>
> 1. I am the living man and affiant herein, acting in my own right and capacity.
>
> 2. My identity, status, and record of existence are established by duly issued public records of the State of Missouri, including a certified record of live birth.

---

[3] Plaintiff's self-titled affidavit of identity, status, and authenticated record is not notarized but states that he "declare[s] under penalty of perjury that the foregoing is true and correct." (Doc. 7, page 3).

3. The authority of the issuing registrar was formally certified by the Missouri Secretary of State.

4. Said certification was authenticated by the United States Department of State, granting full faith and credit to the attached state record.

5. These records are valid, unrebutted, and have not been lawfully challenged, vacated, or invalidated by any court of competent jurisdiction.

6. Any failure or refusal by a court or agency to recognize these authenticated records constitutes a denial of full faith and credit and a violation of due process.

7. Copies of the referenced records are maintained in my lawful custody and are available for inspection upon proper legal demand.

8. This affidavit is made in good faith and under penalty of perjury.

(Doc. 7, page 3). While Plaintiff has submitted his affidavit, he does not provide this Court with any of the records he wishes the Court to recognize. Further, the records Plaintiff wishes the Court to recognize have no bearing on the current proceeding or the issues Plaintiff has raised. There is no issue in this case that would warrant recognition that Plaintiff was born, nor of any identity, status or other qualification that would bear on the proceedings. As the Court does not have the records Plaintiff attests are authenticated nor are there any issue that depends on the authentication Plaintiff requests, the Court will deny the motion. For the reasons stated, Plaintiff's *Pro Se* Motion to Compel Recognition is **DENIED**.

IV.     **Motion for Recusal, Reassignment, and Alternative Motion for Change of Venue**

Plaintiff asks the Court to recuse Judge Douglas Harpool from further proceedings in this matter; reassign this matter to a different judicial officer; or in the alternative transfer venue to a district where Plaintiff can obtain a fair and impartial adjudication. In support Plaintiff argues that he was granted leave to proceed *in forma pauperis*, triggering the Court's statutory duty to effect service through the U.S. Marshals under 28 U.S.C. § 1915(d). Plaintiff states that he repeatedly notified the Court that Defendants were refusing service; mail was being returned or interfered

6

with; certain mail was selectively held by the post office; and that Plaintiff lacks funds to independently remedy service interference. Plaintiff argues that despite notice, the Court has repeatedly attributed delay to Plaintiff; denied emergency relief solely due to lack of service; refused to order service or intervene; and continued to deny injunctive relief while ongoing harm persists causing harm to Plaintiff. Plaintiff states that the Court's repeated refusal to act after notice of interference has created an appearance of partiality and has effectively denied Plaintiff meaningful access to the courts.

Under section 455(a), a judge is required to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned. 28 U.S.C. § 455(a). Under § 455(a), "disqualification is required if a reasonable person who knew the circumstances would questions the judge's impartiality, even though no actual bias or prejudice has been shown." *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003) (quoting *United States v. Tucker*, 78 F.3d 1313, 1324 (8th Cir. 1996)). The existence of a ruling with which a litigant disagrees does not constitute a basis for recusal without a clear showing of bias or partiality. *Fletcher v. Conoco Pipeline, Inc.*, 323 F.3d 661, 665–66 (8th Cir. 2003). An alleged personal bias must "stem from an extrajudicial source," not from "the judge's view of the law[.]" *Akins v. Knight*, No. 2:15-CV-4096-NKL, 2016 WL 127594, at *2 (W.D. Mo. Jan. 11, 2016), *aff'd*, 863 F.3d 1084 (8th Cir. 2017). "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Pope v. Fed. Express Corp.*, 974 F.2d 982, 985 (8th Cir. 1992).

Here, the Plaintiff bases his Motion for Recusal solely on service issues in this case. However, this Court has instructed service by the United States Marshals, based upon Plaintiff's service information, in its February 4, 2026, Order and instructing service to Greene County,

7

Missouri in its February 12, 2026, Order. (Docs. 27 and 31).[4] To the extent Plaintiff seeks recusal based on service, this does not rise to the heavy burden of proof necessary for disqualification. Likewise, Plaintiff's request for reassignment and change of venue will also be denied. For the reasons stated, Plaintiff's *Pro Se* Motion for Recusal, Reassignment, and Alternative Change of Venue is **DENIED**.

## V.      Plaintiff's Renewed Request for Return of Property

Plaintiff lastly renews his motion that the Court order the immediate return of his vehicle and personal property. Plaintiff argues that he is continuing to experience irreparable harm without his vehicle including loss of employment; inability to obtain employment due to withheld identification documents; loss of transportation; and loss of personal belongings and essential property including the remains of Plaintiff's deceased family members. However, as articulated in the Court's January 21, 2026, Order, the Plaintiff has not shown that the injunctive relief factors weigh in favor of granting the relief he seeks. (Doc. 23). The Court continues to be unable to assess whether Plaintiff is likely to succeed on the merits and nothing in Plaintiff's current or past motions has persuaded the Court that granting of injunctive relief is proper at this stage of the litigation. As stated previously "the Court will not consider another request for a TRO or injunctive relief until the time Defendants have been served and are able to respond to Plaintiff's motion." (Doc. 23, pages 3-4). For the reasons stated, Plaintiff's *Pro Se* Renewed Request for Return of Property is **DENIED**.

### CONCLUSION

---

[4] As reflected in the docket sheet, on April 9, 2026, the Clerk's Office has issued the summons as to Greene County, Missouri with summons provided to the United States Marshal's Service for service.

For the reasons stated, Plaintiff's *Pro Se* Motion to Compel Insurance and Indemnification Disclosures is **DENIED**; *Pro Se* Motion for Leave to File Second Amended Complaint is **FOUND AS MOOT**; *Pro Se* Motion to Compel Recognition is **DENIED**; *Pro Se* Motion for Recusal, Reassignment, and Alternative Motion for Change of Venue is **DENIED**; and Plaintiff's Renewed Request for Return of Property is **DENIED**.

**IT IS SO ORDERED.**

DATED:          April 27, 2026

> _/s/ Douglas Harpool_
> **DOUGLAS HARPOOL**
> **UNITED STATES DISTRICT JUDGE**