# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| LARRY LEXXLOU FLENOID, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  6:25-cv-03362-MDH |
| | ) | |
| HENRY'S TOWING SERVICE, LLC et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court are Defendants Athens Program Insurance Services ("Athens") and Obsidian Insurance Company's ("Obsidian")[1] (collectively "Insurance Defendants") Joint Motion to Dismiss for Insufficient Service of Process and for Failure to State a Claim. (Doc. 48); Defendant Aaron Freeman's Motion to Dismiss for Failure to State a Claim and Other Relief (Doc. 51); and Defendants Greene County, Missouri, and Deputies Gold, Schilling, and Kelly's (collectively "Greene County Defendants") Motion to Dismiss. (Doc. 70). Defendants have filed Suggestions in Support (Docs. 49, 52 and 71), Plaintiff filed Suggestions in Opposition as to Insurance Defendants and Greene County Defendants' Motions to Dismiss (Docs. 53 and 74). No Defendant filed a reply and the time to do so has elapsed. The motions are now ripe for adjudication on the merits. For the reasons stated herein, Insurance Defendants' Joint Motion to Dismiss for Insufficient Service of Process and for Failure to State a Claim is **GRANTED**; Defendant Freeman's Motion to Dismiss for Failure to State a Claim and Other Relief is **GRANTED**; and

---

[1] On April 27, 2026, this Court dismissed Defendant Obsidian Insurance Company from this action. (Doc. 63). However, since Defendants Athens and Obsidian have jointly filed a Motion to Dismiss, the Court will include Defendant Obsidian in this Order for consistency with the motion and arguments.

1

Greene County Defendants' Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

This case arises from the repossession of Plaintiff's personal vehicles. Plaintiff Larry LexxLou Flenoid, II is a resident of the State of Missouri. Defendants Greene County Sheriff Jim Arnott, and Deputies Gold, Schilling, and Kelley are all employees of the Greene County Sheriff's Department and are being sued in their individual and official capacities. Plaintiff further lists Defendants Greene County, Missouri, Greene County Sheriff's Office, Obsidian Insurance Company and Amguard Insurance Company as Defendants in his First Amended Complaint ("Complaint").[2]

While Plaintiff's Complaint is scarce of factual allegations, Plaintiff alleges that on May 13, 2025, that he was detained against his will without a lawful basis and that his vehicle was subsequently seized and transferred to Henry's Towing Service, LLC. Plaintiff further alleges that he requested Henry's Towing Service, LLC to return his vehicle, but Defendants claimed the vehicle was abandoned. Plaintiff then alleges various misconduct and obstruction from judges, clerks, and court personnel ranging from the St. Louis County Probate Court to the Circuit Court

---

[2] Plaintiff additionally lists Defendants Bryan Feemster, Doug Ankrom, Misty Walters, Kim Nakashima-Moran, Aaron Freeman, the Missouri Department of Social Services, Missouri Attorney General's Office, Greene County Commission, the St. Louis County Probate Court, and AmGuard Insurance Company in this action. However, On April 9, 2026, this Court held a Telephone Conference with the parties to ascertain the claims and factual allegations Plaintiff is attempting to assert. (Doc. 58). Pursuant to that Telephone Conference, the Court Ordered that Plaintiff is granted leave to file a Seconded Amended Complaint and to list only the parties and claims that are directly related to the actions or omissions stemming from the May 13, 2025, and November 14, 2025, incidents with the Greene County Sheriff's Department. *Id*. Plaintiff was instructed that he may pursue claims against Defendants Greene County, Missouri; the individually listed Greene County Deputies; and Henry's Towing Service, LLC. *Id*. Plaintiff has failed to file a second amended complaint. As the Court has given him numerous opportunities and extensions to file his second amended complaint, the Court will proceed on these motions based on Plaintiff's First Amended Complaint. (Docs. 58, 62, 63, 69, 72 and 77).

2

of Greene County, Missouri. Plaintiff's Complaint lists seven different counts: Count I - Unlawful Detention (Fourth and Fourteenth Amendment); Count II - Unlawful Seizure/Conversion; Count III - Denial of Access to the Courts; Count IV - Due Process Violations; Count V - Civil Rights (42 U.S.C. § 1983); Count VI - Failure to Train/Supervise; and Count VII - Intimidation/Retaliation.

## DISCUSSION

### I.     Insurance Defendants' Joint Motion to Dismiss (Doc. 48)

Insurance Defendants argue that Plaintiff's claims against them must be dismissed because they have not been properly served. Specifically, Defendants state that Mr. Freeman, who Plaintiff directed service of his lawsuit to as to the insurance Defendants, is not "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Defendants state that Mr. Freeman is not, and has never been, authorized to accept service on behalf of the Insurance Defendants; that Mr. Freeman was obligated to reject the attempt at service;  service was not made at a business office of either of the Insurance Defendants; and the returns filed by the U.S. Marshals Service themselves reflect that proper service was not completed.[3]

Plaintiff concedes that representation in a matter does not automatically mean that counsel is formally authorized to accept service of process on behalf of a corporate client. However, Plaintiff argues that any defect in service should be cured, not used as basis for dismissal. Plaintiff

---

[3] Insurance Defendants further raise arguments based on a failure to state a claim upon which relief can be granted. The Court will decline to analyze Insurance Defendants argument on a failure to state a claim upon which relief can be granted as the Court will grant Insurance Defendants' motion based on ineffective service. Insurance Defendants also raise issue with Plaintiff's use of the term "Authorized Agent, KlownLife Estate Trust PMA". However, as the Court will dismiss Plaintiff's First Amended Complaint in its entirety on other grounds, the Court will decline to address that issue.

3

further asserts that he acted in good faith; Insurance Defendants had actual notice and have shown no prejudice; and alternatively asks the Court for leave to amend his complaint.

Federal Rule of Civil Procedure 12(b)(5) allows for a pre-answer motion to dismiss for insufficient service of process. "If a defendant is improperly served, a federal court lacks jurisdiction over the defendant. *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993); *See also Dodco, Inc. v. American Bonding Co.*, 7 F.3d 1387 (8th Cir. 1993); *Sieg v. Karnes*, 693 F.2d 803, 807 (8th Cir. 1982). Once a plausible challenge to the sufficiency of service of process is made, the plaintiff bears the ultimate burden to make a prima facie showing that service was valid under governing law. *Cheeks v. Belmar*, 331 F.R.D. 499, 504 (E.D. Mo. 2019). A pro se litigant must still comply with court rules and procedures. *Jackson v. Yellen*, 744 F. Supp. 3d 905, 909 (W.D. Mo. 2024) (citing *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Federal Rule of Civil Procedure 4 governs summons and service requirements. Specifically, Federal Rule of Civil Procedure 4(h) establishes the means by which corporations, like Insurance Defendants, can be served. It states:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1)(A)-(B).

The Court agrees with Insurance Defendants and finds that service was improper as to Defendants Athens and Obsidian and thus the Court lacks subject matter jurisdiction as to these two Defendants. Plaintiff's self-titled Clerk-Directed Compliance Notice instructed service to Defendants Athens and Obsidian to be served at "100S Brentwood Blvd, Ste 250, St. Louis, MO 63105." (Doc. 26-1, pages 1-2). That address corresponds to the office address of Knight MacKay Morrow, LLC. That is neither the business address for either Insurance Defendant. Further, the Return of Service of Complaint Form by the U.S. Marshal shows that service was refused. (Doc. 38, pages 3-6). Plaintiff has failed to carry his burden that Insurance Defendants were properly served in this case and thus the Court lacks jurisdiction as to Defendants Athens and Obsidian. For the reasons stated, Defendants Athens and Obsidian's Joint Motion to Dismiss for Insufficient Service of Process and for Failure to State a Claim is **GRANTED**. Defendants Athens and Obsidian are hereby dismissed from the case without prejudice.

## II.    Defendant Freeman's Motion to Dismiss (Doc. 51)

Defendant Freeman argues that Count V – Civil Rights (42 U.S.C. § 1983) against "All Defendants" fails because there are no allegations that he is a state actor, contracted with a state actor, engaged in any conspiracy with a state actor, or acted under the color of state law. As to Count VII - Intimidation/Retaliation Defendant Freeman states Plaintiff's Complaint is insufficient to satisfy the pleading standard under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) as it does not assert that the letter was sent for an improper purpose, or even states what the contents of the letter was. Further, Defendant Freeman argues that there is no private right of action for "Intimidation" or "Witness Tampering" as civil causes of actions nor does Plaintiff plead a plausible claim of "Retaliation". Lastly, Defendant Freeman argues that even if Plaintiff had alleged facts sufficient

5

to support a claim against him, he is immune from suit under the Absolute or Litigation Privilege.[4] Plaintiff did not file Suggestions in Opposition as to Defendant Freeman's Motion.

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Plaintiff has failed to raise a right to relief above a speculative level. Plaintiff's Complaint, as it relates to Defendant Freeman, states "Sent written communication perceived as threatening and intended to intimidate Plaintiff[.] Communication followed Plaintiff's demand for return of property." (Doc. 44, page 4). Here, Plaintiff fails to allege anything more than his feelings from an alleged letter sent by Defendant Freeman. Plaintiff does not allege what was in said letter, why he perceived the letter as threatening, any factual allegations that Plaintiff intended to intimidate Plaintiff nor the letter itself. Instead Plaintiff leaves the Court to guess the basis for which his claim

---

[4] Defendant Freeman also raises the issue of Plaintiff's use of the term "Authorized Agent, KlownLife Estate Trust PMA" in the First Amended Complaint. However, as the Court will dismiss Plaintiff's First Amended Complaint in its entirety on other grounds, the Court will decline to analyze that issue.

6

could have merit based solely on two sentences pertaining to Defendant Freeman. In sum, Plaintiff's allegations against Defendant Freeman fall short of the pleading standard set by *Iqbal*, even considering the liberal pleading standard afforded to pro se plaintiffs. *See Barnett v. Short*, 129 F.4th 534, 539 (8th Cir. 2025) ("Courts must liberally construe pro se complaints."). For the reasons stated, Defendant Freeman's Motion to Dismiss is **GRANTED**.

### III.     Greene County Defendants' Motion to Dismiss (Doc. 70)

Greene County Defendants argue that to hold Defendant Greene County, Missouri liable under 42 U.S.C. § 1983, a constitutional violation must result from an official policy, an unofficial custom, or a deliberately indifferent failure to train or supervise. Greene County Defendants assert that Plaintiff's Complaint fails to allege any fact allegations that Greene County, Missouri deliberately adopted a principle or procedure calling for any particular constitutional or federal right violation of any kind, nor did Greene County, Missouri maintain policies or customs that caused any rights violation. Greene County Defendants assert Plaintiff has not alleged any fact that would put Defendant Greene County, Missouri on notice of the risk that any deputy would commit any unlawful act. As to individual 42 U.S.C. § 1983 claims, Greene County Defendants argue that Plaintiff's Complaint only includes conclusory allegations and does not describe what each individual deputy supposedly did that could give rise to a constitutional right violation.[5]

Plaintiff states that he has made a plausible Fourth Amendment claims against Defendants Schilling and Kelly for the May 2025 incident and against Defendant Gold and other deputies for

---

[5] The Greene County Defendants additionally make the argument that dismissal of the Complaint is proper under Federal Rule of Civil Procedure 4(m) and 41(b) based on not being served a superseding complaint. However, as the Court will grant Greene County Defendant's Motion based on failure to state a claim, the Court will decline to analyze this argument from the Greene County, Defendants.

the November 14, 2025 incident.[6] Plaintiff further asserts that the lack of tickets, fines, citations, charges, or court dates supports plausibility; that he states plausible excessive force, property-seizure, and due process claims. Plaintiff argues that Henry's Towing was a willful participant in joint action and that he has stated a plausible Monell claim against Defendant Greene County, Missouri.[7]

### A.    *Monell* Liability

*Monell* liability exists "only where the municipality *itself* causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) (citing *Monell v. New York City Dep't. of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). Defendant Greene County, Missouri "may be liable under § 1983 for constitutional violations if a violation resulted from (1) an official … policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Partridge v. City of Benton, Arkansas*, 157 F.4th 970, 973 (8th Cir. 2025), *cert. denied sub non. Partridge v. Benton, Arkansas*, 224 L. Ed. 2d 502 (Apr. 20, 2026) (quoting *Leftwich ex rel. Leftwich v. Cnty. of Dakota*, 9 F.4th 966, 972 (8th Cir. 2021)). To state a failure to train claim, Plaintiff must plead facts that show:

> (1) [Defendant's] training practices were inadequate; (2) [defendant] was deliberately indifferent to the rights of others in adopting these training practices, and [the defendant's] failure to train was a result of deliberate and conscious choices it made; and (3) [the defendant's] alleged training deficiencies cause plaintiff's constitutional deprivation.

---

[6] Plaintiff's Suggestions in Opposition alleges factual details that are not present in his First Amended Complaint. (Doc. 74). However, Plaintiff raises no arguments as to why his Complaint lacks the details contained in his Suggestions in Opposition. Although the factual allegations in the Suggestions in Opposition gives the Court more clarity into the underlying issues, those alone cannot cure the deficiencies in his Complaint, especially after the multiple instances the Court has given Plaintiff to cure the deficiencies before this point in the litigation. See Docs. 58, 62, 63, 69, 72, and 77.

[7] Although Plaintiff alleges claims against Henry's Towing, LLC, he has omitted that Defendant from his First Amended Complaint and thus has voluntarily dismissed Henry's Towing LLC from the case. *See In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect.").

*Miller as Next Friend for Rippeto v. City of St. Louis*, No. 4:23-CV-00307-SEP, 2024 WL 1366797, at \*5 (E.D. Mo. Mar. 31, 2024) (quoting *Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013).

Plaintiff's First Amended Complaint lacks any allegations that would raise a right to relief above a speculative level as to his claims against Defendant Greene County, Missouri. To the extent Plaintiff pleads about Defendant Greene County, Missouri or Defendant Arnott his Complaint states "Jim Arnott & Greene County [r]esponsible for actions of deputies, [f]ailed to supervise, train, or correct misconduct[, and a]llowed unlawful detention and seizure to occur." (Doc. 44, page 5). Plaintiff's Complaint also states a count for failure to train/supervise against Greene County and Sheriff Arnott but provides no allegations for this count except for what is noted above. Pursuant to Federal Rule of Civil Procedure 8(a)(2) Plaintiff's pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff has failed to allege any factual allegations that would show Defendant Greene County, Missouri should be held liable for a claim of deliberately indifferent failure to rain or supervise. For the reasons stated, Greene County Defendants' Motion to Dismiss Defendant Greene County, Missouri for Failure to State a Claim is **GRANTED**.

### B. Individual Liability Under 42 U.S.C. § 1983

"Public servants may be sued under § 1983 in either their official capacity, their individual capacity, or both." *K.D.H. v. Boone Cnty., Missouri*, No. 24-CV-04084-SRB, 2024 WL 4497933, at \*3 (W.D. Mo. Oct. 15, 2024) (quoting *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999)). "The essential elements of a § 1983 claim are (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a

constitutionally protected federal right." *Cooper v. Hutcheson*, 472 F. Supp. 3d 509, 513 (E.D. Mo. 2020) (quoting *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009)).

The Court will now evaluate the counts in Plaintiff's First Amended Complaint that deal directly with the Greene County Defendants.[8]

### i.    Count I - Unlawful Detention

Count I - Unlawful Detention (Fourth & Fourteenth Amendment) in Plaintiff's Complaint is a claim under 42 U.S.C. § 1983. (Doc. 44, page 5). Plaintiff does not list which Defendants he brings this count against. The Court will construe it against Greene County Defendants for purposes of this motion. *Id*. Plaintiff's Count I alleges that there were no charges, no process, and no lawful detention authority which caused a violation of his constitutional liberty protections *Id*. Plaintiff's Complaint specifies:

> On or about May 13, 2025, Plaintiff was detained against his will without lawful basis, including:
>
> - No formal charges filed
> - No bond set
> - No court date issued
> - No lawful warrant properly presented
> - Denial of access to communication, including phone calls
> - Threatening and coercive conduct by officers
> - Release only after several hours without explanation or lawful process
>
> This constituted unlawful detention and deprivation of liberty without due process of law.

(Doc. 44, pages 2-3).

---

[8] Plaintiff's First Amended Complaint lists seven different counts. (Doc. 44). However, of these seven counts, only Counts I, II, V and VI appear to be directed at the Greene County Defendants as Counts III, IV and VI appear to be directed at the judiciary or Defendant Freeman. *Id*.

10

Plaintiff has raised a right of relief above a speculative level as to Count I - Unlawful Detention. Although Plaintiff's Complaint is scarce of factual allegations, Plaintiff does plead enough facts that show that on May 13, 2025 he was detained and that ultimately no formal charges were filed; no bond set; no court date issued; no lawful warrant presented; denial of access to communication; threating conduct by officers; and release after several hours without explanation. *Id*. Plaintiff states this in culmination constituted unlawful detention and deprivation of liberty without due process of law. *Id*. Taking the allegations as true for the purposes of a motion to dismiss and construing the Complaint liberally based on Plaintiff's pro se status, the Court finds this is enough to survive a motion to dismiss. For the reasons stated, Greene County Defendants' Motion to Dismiss Count I - Unlawful Detention (Fourth and Fourteenth Amendment) is **DENIED**.

### ii. Count II - Unlawful Seizure/Conversion

Count II - Unlawful Seizure/Conversion of Plaintiff's Complaint is brought under 42 U.S.C. § 1983. (Doc. 44, page 5).[9] Plaintiff fails to identify which Defendants he brings this count against but for the purposes of this motion the Court will construe this count against the Greene County Defendants. Plaintiff's Count II alleges that his vehicle was seized and retained, that there was a false claim of abandonment and coordinated actions between state and private actors. (Doc. 44, page 5). Plaintiff alleges that his vehicle was seized and transferred to Henry's Towing Service, LLC; Plaintiff repeatedly requested return of the vehicle; Defendants claimed abandonment despite active court proceedings, representation by counsel for Henry's Towing Service, LLC, and

---

[9] In Plaintiff's Suggestions in Opposition, he argues that he has pleaded this count, in the alternative, as state law claims. (Doc. 74, page 12). However, Plaintiff brought this count under 42 U.S.C. § 1983 and has not pleaded an additional count under the Missouri state claim for conversion. Thus, the Court will decline to construe Count II - Unlawful Seizure/Conversion as a state law claim. *Id*. at pages 11-12.

knowledge of Plaintiff's claims and ownership. (Doc. 44, page 3). Plaintiff further argues that Hnery's Towing Service, LLC retained possession without lawful justification. *Id*.

Plaintiff has raised a right of relief above a speculative level as to Count II - Unlawful Seizure/Conversion.[10] Although Plaintiff doesn't explicitly mention any allegations about Greene County Defendants within this Count, it is clear this is premised on the same underlying facts as Plaintiff's Count I - Unlawful Detention claim as to the ultimate seizure of Plaintiff's vehicle. Considering these two counts are intertwined regarding the Greene County Defendants action in the stop of Plaintiff and ultimate removal of his vehicle, the Court will allow Plaintiff to proceed on this claim at this stage of the litigation. Taking the allegations as true for the purposes of a motion to dismiss and affording Plaintiff's Complaint a liberal construction based on his pro se status, he has raised a right to relief above a speculative level as to Count II against the Greene County Defendants. For the reasons stated, Greene County Defendants' Motion to Dismiss Count II - Unlawful Seizure/Conversion is **DENIED**.

### iii.    Count V - Civil Rights

Count V - Civil Rights of Plaintiff's Complaint is brought under 42 U.S.C. § 1983. Plaintiff brings this claim against all Defendants and states they were acting under color of law, deprived Plaintiff of rights, and caused damages. (Doc. 44, page 6). Plaintiff does not provide any other statements of facts or allegations of this count within his Complaint.

Plaintiff has failed to raise a right to relief above a speculative level as to Count V - Civil Rights. Plaintiff's Complaint as to this count is completely devoid of any factual allegations is

---

[10] Although this Count deals with Henry's Towing Services, LLC, Plaintiff omitted this Defendant when he filed his First Amended Complaint. As such, the Court will construe Henry's Towing Service, LLC as voluntarily dismissed.

solely based on legal conclusion. As stated above, a complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Here, there are not enough facts to state a claim to relief that is plausible on its face and thus the Court must grant Greene County Defendants' Motion on this count. For the reasons stated, Greene County Defendants' Motion to Dismiss Count V - Civil Rights is **GRANTED**.

### iv.     Count VI - Failure to Train/Supervise

Count VI - Failure to Train/Supervise of Plaintiff's Complaint is brought under 42 U.S.C. § 1983. Plaintiff brings this count against Defendants Greene County, Missouri and Sheriff Arnott.[11] (Doc. 44, page 6). Plaintiff alleges that Defendant Arnott was responsible for actions of deputies, failed to supervise, train, or correct misconduct, and allowed unlawful detention and seizure to occur. *Id*. at page 5.

Plaintiff has failed to raise a right to relief above a speculative level as to Count VI - Failure to Train/Supervise. As previously discussed, to succeed under a failure to train theory, Plaintiff must plead facts that show:

> (1) [Defendant's] training practices were inadequate; (2) [defendant] was deliberately indifferent to the rights of others in adopting these training practices, and [the defendant's] failure to train was a result of deliberate and conscious choices it made; and (3) [the defendant's] alleged training deficiencies cause plaintiff's constitutional deprivation.

---

[11] As discussed earlier in this Order, the Court has dismissed Count VI - Failure to Train/Supervise as it pertains to Defendant Greene County, Missouri and thus the Court will focus solely on this claim as it relates to Defendant Arnott.

*Miller as Next Friend for Rippeto v. City of St. Louis*, No. 4:23-CV-00307-SEP, 2024 WL 1366797, at *5 (E.D. Mo. Mar. 31, 2024) (quoting *Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013). Plaintiff pleads no facts to show Defendant Arnott's training practices were inadequate; that he was deliberately indifferent to the rights of others in adopting these training practices; his failure to train was a result of deliberate and conscious choices he made; or that the alleged training deficiencies caused Plaintiff's constitutional deprivation. In sum, Plaintiff Complaint is devoid of facts that, even taking the allegation in light most favorable to Plaintiff and construing his Complaint liberally, would raise a right to relief above a speculative level. For the reasons stated, Greene County Defendants' Motion to Dismiss Count VI - Failure to Train/Supervise is **GRANTED**.

### IV.     Other Defendants

The Court will also dismiss Defendants Bryan Feemster, Doug Ankrom, Misty Waters, Kim Nakashima-Moran, Greene County Sheriff's Office, Missouri Department of Sical Services, Missouri Attorney General's Office, Greene County Commission, the St. Louis County Probate Court, and AmGuard Insurance Company for lack of jurisdiction as they do not pertain to the current litigation between Plaintiff and Defendants Greene County, Missouri; Defendants Gold, Schilling, Kelly Arnott or Henry's Towing Service, LLC.

On April 9, 2026, the Court held a Telephone Conference with the parties to better clarify and understand the factual allegations Plaintiff was attempting to assert within his First Amended Complaint. The Court subsequently issued the following Order:

> Pursuant to the Telephone Conference held on April 9, 2026, Plaintiff is granted leave to file a Second Amended Complaint. Plaintiff's Second Amended Complaint shall consist of only the parties and claims that are directly related to the actions or omissions stemming from the May 13, 2025, and November 14, 2025, incidents

with the Greene County Sheriff's Department. As such, Plaintiff's Second Amended Complaint may pursue claims against Defendants Greene County, Missouri; the individually listed Greene County Deputies; and Henry's Towing Service, LLC. Plaintiff is reminded that he is to plead factual allegations at this stage of the litigation to allow for the parties to understand the nature of the Complaint, what is being alleged, to whom it is being alleged against, and how the events of May 13, 2025, and November 14, 2025, entitle him to relief. Plaintiff shall file his Second Amended Complaint within 14 days of this Order.

Any other defendants, issues or claims that do not pertain to the events of May 13, 2025, and November 14, 2025, are outside the jurisdiction of this Court and will be dismissed from the action for lack of jurisdiction.

(Doc. 58). On April 16, 2026, Plaintiff filed a motion for leave to file his Second Amended Complaint.[12] (Doc. 61). The Court subsequently granted the motion. (Doc. 62). Plaintiff failed to file his Second Amended Complaint. On May 13, 2026, the Court issued an Order to Show Cause stating:

The Court on April 20, 2026, granted 62 Plaintiff's motion for leave to file his amended complaint. To date the Plaintiff has not filed his amended complaint with the Court. The Plaintiff is ordered to show cause why he has yet to file his amended complaint or to file his amended complaint on or before May 22, 2026.

(Doc. 67). A copy of the Order was mailed to Plaintiff. *Id*. On June 9, 2026, the Court issued its Order regarding Plaintiff's failure to file his Second Amended Complaint finding:

The Plaintiff has failed to comply with the Court's 67 Order to Show Cause as to his failure to file an amended complaint. The Court will grant Plaintiff until June 23, 2026 to file his amended complaint. Should Plaintiff fail to do so the Court will withdraw its earlier grant for Plaintiff to file an amended Complaint and the litigation will proceed in this case based on Plaintiff's 44 First Amended Complaint.

(Doc. 69). A copy of the Order was mailed to Plaintiff. *Id*. Plaintiff did not file a response until June 24, 2026, more than a month after the deadline indicated in the Show Cause Order, stating that he did not receive written notice of the Order. (Doc. 72). Plaintiff then asked the Court to file his Second Amended Complaint out of time. *Id*. On June 29, 2026, the Court granted the request

---

[12] Plaintiff erroneously titled his motion as a motion for leave to file First Amended Complaint. However, he filed a First Amended Complaint as reflected earlier in the docket sheet. (Docs. 44 and 61).

15

and gave Plaintiff seven days to file his Second Amended Complaint. (Doc. 73). Once again Plaintiff failed to file his Second Amended Complaint. On July 6, 2026, Plaintiff filed a Motion for Leave to File Second Amended Complaint; Request to Extend Time for Service; and a self-titled Notice of Factual clarification. (Doc. 75). The Court granted Plaintiff's Motion for Leave to File Second Amended Complaint stating:

> The Plaintiff has already been granted leave to file his Second Amended Complaint as noted by Docket No. 62 and 69. Plaintiff need not request leave to file his Second Amended Complaint. As the time to submit the Second Amended Complaint has run, the Court will grant Plaintiff seven (7) days from this Order to file his Second Amended Complaint.

(Doc. 77). The Court mailed a copy of the Order to Plaintiff. Plaintiff was to file his Second Amended Complaint on or before July 16, 2026. As of the date of this Order, Plaintiff has still not filed his Second Amended Complaint.

The Court hereby dismisses Defendants Bryan Feemster, Doug Ankrom, Misty Waters, Kim Nakashima-Moran, Greene County Sheriff's Office, Missouri Department of Social Services, Missouri Attorney General's Office, Greene County Commission, the St. Louis County Probate Court and AmGuard Insurance Company for lack of jurisdiction.[13] Plaintiff was made aware during the April 9, 2026 Telephone Conference about the deficiencies of his First Amended Complaint and the Court subsequently granted Plaintiff leave to file his Second Amended Complaint to cure those deficiencies. (Doc. 58). After failing to file his Second Amended Complaint, this Court ultimately extended the opportunities for Plaintiff to file his Second Amended Complaint, five additional times to which Plaintiff failed to file his Second Amended

---

[13] The Court had denied Plaintiff from proceeding *in forma pauperis* against the Greene County Sheriff's Department as it was not a suable entity. (Doc. 4); *see also Bronson v. Chariton Cnty. Sheriff's Off.*, No. 2:23-CV-61-AGF, 2024 WL 229778, at *2 (E.D. Mo. Jan 22, 2024) (citing *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992) (departments or subdivisions of local government are "not jurisdictional entities suable as such")). To the extent Plaintiff attempts to incorporate back Defendant Greene County Sheriff's Office it is denied for the same reasoning as stated in the Court's prior Order. (Doc. 4).

16

Complaint. (Docs. 61, 67, 69, 73 and 77). Considering this, the Court will dismiss the Defendants for lack of jurisdiction. For the reasons stated, Defendants Bryan Feemster, Doug Ankrom, Misty Waters, Kim Nakashima-Moran, Greene County Sheriff's Office, Missouri Department of Social Services, Missouri Attorney General's Office, Greene County Commission, the St. Louis County Probate Court, and AmGuard Insurance Company are dismissed from the case without prejudice based on a lack of jurisdiction.

## CONCLUSION

For the reasons stated, Defendants Athens and Obsidian's Joint Motion to Dismiss for Insufficient Service of Process and for Failure to State a Claim is **GRANTED**; Defendant Freeman's Motion to Dismiss for Failure to State a Claim and Other Relief is **GRANTED**; and Defendants Greene County, Missouri and Deputies Gold, Schilling, and Kelly's Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**. Greene County Defendants' Motion to Dismiss Defendant Greene County, Missouri is **GRANTED**. Greene County Defendants' Motion to Dismiss Count I - Unlawful Detention (Fourth & Fourteenth Amendment) and Count II - Unlawful Seizure/Conversion against Defendants Gold, Schilling and Kelly is **DENIED**; Count V - Civil Rights as to Defendants Gold, Schilling, Kelly and Arnott is **GRANTED**; and Count VI - Failure to Train/Supervise as to Defendant Arnott in Count VI is **GRANTED**.

It is **FURTHER ORDERED** that Defendants Bryan Feemster, Doug Ankrom, Misty Waters, Kim Nakashima-Moran, Greene County Sheriff's Office, Missouri Department of Social Services, Missouri Attorney General's Office, Greene County Commission, the St. Louis County Probate Court and AmGuard Insurance Company are dismissed from the case for lack of

17

jurisdiction. As all the Defendants in Plaintiff's First Amended Complaint have been dismissed from the case, the Court hereby dismisses the action in its entirety without prejudice.

**IT IS SO ORDERED.**

DATED:          July 30, 2026

_____/s/ Douglas Harpool_____
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

18