**KLL MASTER HEARING CONTROL RECORD**

**Plaintiff:** Larry LexxLou Flenoid II

**Capacity:** Individual plaintiff, appearing pro se.

**Affiliated entity:** KlownLife Estate Trust PMA.

**Presiding judicial officer:** Senior United States District Judge M. Douglas Harpool.

**Federal civil action:** 6:25-cv-03362-MDH.

**Pending appeal:** United States Court of Appeals for the Eighth Circuit, No. 26-2756.

**Parties and individuals previously identified in the litigation**

Individual deputies associated with Counts I and II Deputy Gold — November 14, 2025 incident. Deputy Schilling — May 13, 2025 incident. Deputy Kelley — May 13, 2025 incident.

---

Other previously named defendants Greene County, Missouri; Greene County Sheriff Jim Arnott; Henry's Towing Service, LLC; and additional parties addressed in Docket 79.Docket 79 dismissed several defendants and the action as a whole. Listing them here does not represent that they remain active defendants.

**Prior court proceedings and relevant filings**

| Date | Record |
|---|---|
| May 13, 2025 | First underlying incident |
| November 14, 2025 | Second underlying incident |
| April 9, 2026 | Federal telephone conference concerning the pleadings |
| July 30, 2026 | Docket 79 — dismissal order |
| August 28, 2026 | Submission of proposed Second Amended Complaint |
| September 2, 2026 | Eighth Circuit appeal docketed |
| September 15, 2026 | Docket 98 — amended hearing notice |
| September 19, 2026 | Docket 99 submitted |

| Date | Record |
| --- | --- |
| September 20, 2026 | Docket 100 submitted |
| September 22, 2026 | Telephone hearing on Motion 80 |

The April 9 and July 30 procedural history is addressed in Docket 79. The Eighth Circuit's public docket identifies September 2 as the appeal's docketing date.

**The five matters to get resolved**

of matters addressed

---

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF MISSOURI**

**SOUTHERN DIVISION**

LARRY LEXXLOU FLENOID II,

Plaintiff, Pro Se,

v. Case No. 6:25-cv-03362-MDH

HENRY'S TOWING SERVICE, LLC, et al.,

Defendants.

**PLAINTIFF'S PREPARED OPENING STATEMENT FOR THE SEPTEMBER 22, 2026 TELEPHONE CONFERENCE**

Good afternoon, Your Honor.

My name is Larry LexxLou Flenoid II. I am the plaintiff, appearing pro se.

I appreciate the opportunity to be heard concerning my Motion to Clarify.

I respectfully request clarification of the present procedural status of this action, including the effect of the Court's July 30, 2026 order, Docket 79.

The order denied dismissal of Counts I and II against Deputies Gold, Schilling, and Kelley, but its concluding paragraph dismissed the entire action without prejudice.

I respectfully request clarification of whether those individual claims were dismissed on an independent procedural ground or whether the final disposition requires correction.

I further request clarification of the operative status of my subsequently submitted Second Amended Complaint, including Docket 91.

My underlying claims arise from the May 13, 2025, and November 14, 2025 incidents.

I have alleged unlawful detention, seizure of vehicles and personal property, and subsequent interference with my attempts to recover that property.

I have also identified video recordings and written correspondence relating to my recovery attempts and requests for relief.

I respectfully request clarification of the proper procedure for establishing which evidence is presently included in the record and submitting additional relevant evidence if permitted.

I also seek clarification of the procedure for requesting preservation, an accounting, return of property, and consideration of my documented damages.

I acknowledge the pending appeal in Eighth Circuit Case No. 26-2756 and request clarification of which matters remain within this Court's present authority.

Your Honor, I am asking for a clear procedural determination that identifies the status of my claims and the lawful procedure available for pursuing the relief I seek.

I respectfully request that the Court's determinations be reflected in a written order.

Thank you, Your Honor.

**Respectfully submitted,**

**Without Recourse  Without Prejudice**

/s/ *Larry LexxLou Flenoid II*

**PLAINTIFF'S SUPPLEMENTAL REQUEST FOR CLARIFICATION OF DOCKET 79, STATUS OF DOCKET 91, AND FURTHER PROCEDURAL DIRECTIONS**

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MISSOURI

SOUTHERN DIVISION

LARRY LEXXLOU FLENOID II,

Plaintiff, Pro Se,

v. Case No. 6:25-cv-03362-MDH

HENRY'S TOWING SERVICE, LLC, et al.,

Defendants.

COMES NOW Plaintiff, Larry LexxLou Flenoid II, appearing pro se, and submits this supplemental request concerning his pending Motion to Clarify, Docket 80.

**I. Procedural background**

1. Plaintiff filed this action concerning incidents occurring on May 13, 2025, and November 14, 2025.

2. The underlying allegations concern Plaintiff's detention, seizure of vehicles and personal property, and subsequent efforts to obtain return of the property.

3. On April 9, 2026, the Court conducted a telephone conference concerning Plaintiff's pleadings.

4. The Court granted Plaintiff leave to file a Second Amended Complaint limited to the parties and claims directly connected with the May 13 and November 14 incidents.

5. On July 30, 2026, the Court entered Docket 79, addressing the pending motions to dismiss.

6. The Court denied dismissal of Counts I and II against Deputies Gold, Schilling, and Kelley.

7. The same order concluded by dismissing the entire action without prejudice.

**II. Clarification of Counts I and II**

8. Plaintiff respectfully requests clarification of the operative effect of the Court's determination that Counts I and II were sufficiently pleaded to withstand dismissal against the individual deputies.

9. Plaintiff further requests clarification of how that determination is reconciled with the final dismissal of the entire action.

10. Plaintiff requests identification of any independent procedural ground supporting the dismissal of those individual claims.

11. Plaintiff does not contend that surviving a motion to dismiss establishes liability.

12. Plaintiff seeks clarification of the procedural status of those claims and the lawful means of pursuing them.

**III. Second Amended Complaint**

13. Plaintiff submitted a proposed Second Amended Complaint through the District Electronic Document Submission System on August 28, 2026.

14. The submission sought damages, declaratory and injunctive relief, return of property, and a jury demand.

15. Plaintiff requests clarification of the status of Docket 91 and whether the Court has granted leave for the proposed pleading to become operative.

16. Plaintiff further requests clarification of the procedure, if any remains available, for addressing the previously identified pleading deficiencies and the dismissal of Henry's Towing Service, LLC.

**IV. Related appellate proceedings**

17. Plaintiff's appeal is pending before the Eighth Circuit in Case No. 26-2756.

18. Plaintiff requests clarification of the district court's authority concerning the pending clarification motion and any request for additional relief.

19. Plaintiff further requests clarification of whether an indicative-ruling procedure under Federal Rule of Civil Procedure 62.1 is appropriate for any relief that cannot presently be granted because of the appeal.

**V. Evidence and property-related issues**

20. Plaintiff has identified video recordings associated with property-recovery efforts dated March 17 and April 4, 2026.

21. Plaintiff has also identified correspondence, demands for return of property, and other records concerning the underlying incidents.

22. Plaintiff seeks clarification of the procedure for establishing which materials are part of the record.

23. Plaintiff further requests clarification of the procedure for seeking preservation, an accounting, return of property, and other legally available remedies.

**VI. Requested relief**

WHEREFORE, Plaintiff respectfully requests:

A. Clarification of the final disposition of Counts I and II against Deputies Gold, Schilling, and Kelley;

B. Identification of the operative complaint and the status of Docket 91;

C. Clarification of any remaining procedure for addressing claims against Henry's Towing Service, LLC;

D. Clarification of the district court's authority while appeal 26-2756 remains pending;

E. Identification of the procedure for submitting and preserving relevant evidence;

F. Identification of the appropriate procedure for seeking property-related relief;

G. Such further relief as the Court determines is legally appropriate.

**Respectfully submitted,**

**Without Recourse Without Prejudice**

/s/ *Larry LexxLou Flenoid II*

Larry LexxLou Flenoid II

Plaintiff, Pro Se

4315 W. La Siesta Street

Springfield, Missouri 65802

Telephone: 417920-5601

Email: RLRC.Uhaul@gmail.com

Date: September 22, 2026

All applicable claims, objections, and remedies are reserved to the extent permitted by law.

---

## PLAINTIFF'S NOTICE OF ALLEGED CONTINUING PROPERTY DEPRIVATION AND REQUEST FOR PROCEDURAL DIRECTIONS CONCERNING PRESERVATION AND RETURN

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MISSOURI

SOUTHERN DIVISION

LARRY LEXXLOU FLENOID II,

Plaintiff,

v. Case No. 6:25-cv-03362-MDH

HENRY'S TOWING SERVICE, LLC, et al.,

Defendants.

COMES NOW Plaintiff, Larry LexxLou Flenoid II, appearing pro se, and states:

**I. Underlying incidents**

1. On May 13, 2025, Plaintiff alleges that he was detained and that his vehicle was seized in connection with actions involving Greene County Sheriff's Department personnel.

2. Plaintiff alleges that Deputies Schilling and Kelley were involved in the May 2025 incident.

3. Plaintiff further alleges that Deputy Gold was involved in the November 14, 2025 incident.

4. Plaintiff alleges that vehicles and associated property were taken into custody or otherwise interfered with during the incidents underlying this action.

5. Plaintiff further alleges that Henry's Towing Service, LLC participated in the towing or subsequent custody of property connected with the disputed events.

**II. Identified property**

6. Plaintiff has previously identified the following categories of property as missing, withheld, seized, or otherwise affected:

PROPERTY IDENTIFICATION SCHEDULE — BASED ON PRIOR CLAIMS Vehicles and vehicle-related property

- Vehicles associated with the May 13 and November 14 incidents.
- License plates and registration-related documents.
- Vehicle keys, titles, and other vehicle-related records, to the extent affected.

---

Personal and business property previously identified

- Driver's license, identification cards, and Social Security card.
- Right-to-travel card.
- MacBook computer.
- Cellular telephone.
- Nintendo Switch.
- Speaker.
- Wallet and approximately $300 in cash.
- Tools, clothing, and business equipment.
- Trust documents and other personal records.
- Cremated remains of Plaintiff's mother and brother.

These are items previously identified in your claims, not a verified inventory of what Henry's Towing or any particular defendant currently possesses. Assigning each item to a specific incident or custodian requires supporting evidence.

7. Plaintiff requests that ownership, custody, and the disposition of each identified item be established through appropriate evidence and procedures.

8. Plaintiff particularly seeks information concerning the location and disposition of the cremated remains of his mother and brother, which he identifies as irreplaceable family property.

**III. Recovery attempts**

9. Plaintiff has identified two recordings associated with his attempts to obtain recovery or resolution of the disputed property:

**March 17, 2026:** VID_20260317_184211.mp4

**April 4, 2026:** VID_20260404_224743.mp4

10. Plaintiff has also identified subsequent correspondence concerning his efforts to have the video materials submitted or preserved.

11. Plaintiff requests an opportunity to establish the contents, authenticity, dates, and relevance of the recordings through the proper procedure.

12. Plaintiff further requests clarification concerning the evidentiary status of any previously submitted recording, correspondence, or related exhibit.

**IV. Continuing loss**

13. Plaintiff contends that property remains unreturned and that the alleged deprivation has caused additional losses.

14. Plaintiff seeks an opportunity to establish the duration of the deprivation, the reasons provided for continued retention, and the resulting legally recoverable damages.

15. Plaintiff does not request an automatic damages award based solely upon the passage of time or nonresponse to private correspondence.

**V. Requested preservation and accounting**

16. Plaintiff respectfully requests directions concerning the procedure for obtaining:

A. Identification of the current custodian of each vehicle and disputed item;

B. The current location and condition of the property;

C. Copies of towing authorizations, inventories, release instructions, notices, and relevant custody records;

D. The legal basis asserted for continued possession;

E. The existence and nature of any claimed statutory towing or storage lien;

F. Records concerning the transfer, sale, disposal, or release of disputed property;

G. Information regarding any active law-enforcement evidence hold;

H. Preservation of relevant body-camera, dash-camera, facility-surveillance, dispatch, and property records to the extent they remain available.

**VI. Relief requested**

Plaintiff respectfully requests clarification of the procedure for seeking appropriate preservation, accounting, return, or other property-related relief.

Plaintiff further requests an opportunity to submit evidence concerning ownership, custody, recovery attempts, and continuing loss.

**Respectfully submitted,**

**Without Recourse  Without Prejudice**


/s/ *Larry Lexx Lou Flenoid II*

Plaintiff, Pro Se

4315 W. La Siesta Street

Springfield, Missouri 65802

Telephone: 417920-5601

Email: RLRC.Uhaul@gmail.com


Date: September 22, 2026

---

**DECLARATION OF LARRY LEXXLOU FLENOID II CONCERNING PROPERTY SEIZURE, RECOVERY ATTEMPTS, AND CONTINUING LOSS**

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MISSOURI

SOUTHERN DIVISION

Case No. 6:25-cv-03362-MDH

I, Larry LexxLou Flenoid II, declare:

1. I am the plaintiff in this action.

2. I reside in Missouri and maintain correspondence concerning this litigation at 4315 W. La Siesta Street, Springfield, Missouri 65802.

3. I am familiar with the incidents underlying my claims through my personal involvement, observations, and the records I have retained.

4. On May 13, 2025, I was involved in an encounter with Greene County Sheriff's Department personnel.

5. I allege that I was unlawfully detained and that my vehicle was seized in connection with that incident.

6. I allege that Deputies Schilling and Kelley participated in the incident.

7. On November 14, 2025, I was involved in a subsequent incident involving Deputy Gold and other personnel.

8. I allege that vehicles and personal property were affected by the incidents described in my pleadings.

9. I have disputed the lawfulness of the detention, seizures, and subsequent interference with my recovery attempts.

**I. Property-recovery recordings**

10. I previously identified a recording bearing the filename VID_20260317_184211.mp4.

11. The recording is associated with my March 17, 2026 recovery efforts concerning Henry's Towing Service, LLC.

12. I previously identified a second recording bearing the filename VID_20260404_224743.mp4.

13. The second recording is associated with my April 4, 2026 recovery efforts.

14. I have identified these recordings in correspondence concerning my federal case.

15. I request that the recordings be considered through the applicable evidentiary procedures and that any unfiled recording be submitted in a format authorized by the Court.

**II. Written communications**

16. I have previously prepared and transmitted written communications concerning my claims for return of property and related remedies.

17. My correspondence has included demands for information concerning the property, its custody, and the basis for continued retention.

18. I have also prepared administrative notices and other documents concerning the alleged property-related losses.

19. The particular delivery dates, recipients, and contents of each communication are reflected in the original correspondence and available transmission records.

20. I request an opportunity to submit properly authenticated copies of the relevant communications and delivery evidence.

**III. Identified property**

21. The property previously identified in connection with my claims includes vehicles, personal identification documents, electronics, tools, business-related materials, personal effects, and family members' cremated remains.

22. I seek an accurate accounting of the property associated with each incident, including property that was recovered, property that remains in custody, and property that cannot presently be located.

23. I also seek identification of the party responsible for the custody or disposition of each disputed item.

**IV. Continuing damages**

24. I contend that the alleged interference with my property has caused personal, financial, and other losses.

25. I have previously identified claims relating to property loss, loss of use, lost income, expenses, and emotional harm.

26. I recognize that the legally recoverable amount of any damages must be established through the applicable procedure.

27. I request an opportunity to submit an itemized damages accounting supported by competent evidence.

**V. Relief requested**

28. I request an opportunity to establish the current location, status, and custodian of my property.

29. I further request an opportunity to present evidence of my recovery attempts, communications, and the resulting losses.

30. I seek return of property or other legally available relief through the appropriate judicial procedure.

I declare under penalty of perjury that the foregoing is true and correct.

(Execution information — cannot be completed in advance) Executed on: September 22, 2026, only if actually signed that day. Executed at: Springfield, Missouri, only if that is your actual location when signing. Signature: *Larry Lexx Lou Flenoid II* **UCC1-308**

**PLAINTIFF'S PRELIMINARY EVIDENCE IDENTIFICATION AND PRESERVATION INDEX**

**Case:** 6:25-cv-03362-MDH

**Prepared for:** Larry LexxLou Flenoid II

**Date:** September 22, 2026

**Exhibit E-01**

(Underlying incident — May 13, 2025)Subject: Alleged detention and seizure involving Deputies Schilling and Kelley.Relevant records: Incident reports, dispatch communications, detention records, body-camera footage, vehicle records, towing authorization, and property inventories.Exact report number, incident time, VIN, and exhibit location are not established in the records available here.

---

**Exhibit E-02**

(Underlying incident — November 14, 2025)Subject: Alleged second incident involving Deputy Gold and related vehicle or property issues.Relevant records: Incident reports, dispatch records, recordings, towing records, inventory, and property-custody documents.Exact report number, VIN, inventory, and current custodian remain to be established.

---

**Exhibit E-03**

(March 17, 2026 recording) Filename: VID_20260317_184211.mp4Previously identified approximate duration: 35.8 seconds. Subject: Property-recovery efforts concerning Henry's Towing. Original file metadata, exact recording content, timestamps of material statements, and federal exhibit status require verification.

---

**Exhibit E-04**

(April 4, 2026 recording) Filename: VID_20260404_224743.mp4Previously identified approximate duration: 36.9 seconds. Subject: Additional property-recovery efforts concerning Henry's Towing.  file metadata, exact recording content, relevant statements, and federal exhibit status require verification.

**Exhibit E-05**

(Federal court order — July 30, 2026) Docket 79. Subject: Disposition of motions to dismiss and the apparent inconsistency concerning Counts I and II.

---

**Exhibit E-06**

(Proposed Second Amended Complaint) Submission date: August 28, 2026.EDSS submission reference: 4540.Related filing: Docket 91. The filing's operative effect must be determined from the court's orders.

---

**Exhibit E-07**

(Appellate and hearing notices) Docket 96 — appellate case number and briefing schedule. Docket 97 — appellate record order. Docket 98 — amended hearing notice.

---

**Exhibit E-08**

(Recently docketed notices) Docket 99 — September 19 submission, entered September 21. Docket 100 — September 20 submission, entered September 21.

---

**Exhibit E-09**

(Historical administrative and commercial claims) Previously prepared KLL fee schedules, notices, invoices, UCC filing references, and correspondence. These materials document the claims previously asserted. They do not independently establish that the defendants owe the amounts demanded.

**Respectfully submitted,**

**Without Recourse Without Prejudice**

/s/ *Larry Lexxo Lou Flenoid II*

**PLAINTIFF'S NOTICE OF ALLEGED CONTINUING DAMAGES, PREVIOUSLY ASSERTED ADMINISTRATIVE CLAIMS, AND RESERVATION OF LAWFUL REMEDIES**

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MISSOURI

SOUTHERN DIVISION

LARRY LEXXLOU FLENOID II,

Plaintiff,

v. Case No. 6:25-cv-03362-MDH

HENRY'S TOWING SERVICE, LLC, et al.,

Defendants.

COMES NOW Plaintiff, Larry LexxLou Flenoid II, appearing pro se, and states:

**I. Previous notices**

1. Plaintiff has previously submitted administrative fee schedules, proposed invoices, and notices concerning alleged property-related losses.

2. Plaintiff's September 19, 2026 submission, subsequently entered as Docket 99, included a Notice of Intent Fee Schedule.

3. Plaintiff has also previously identified commercial and UCC-related claims concerning the disputed property and alleged damages.

4. Plaintiff reserves any contractual, statutory, or other independently enforceable rights that may be established under the applicable law.

**II. Historical monetary claims**

5. Plaintiff has previously prepared administrative and damages materials identifying the following proposed amounts:

| Historical claim | Amount |
|---|---|
| Previously proposed administrative charges | $67,500 |
| Preliminary tangible-property valuation | $17,300 |
| Combined preliminary working amount | $84,800 |

6. These amounts constitute previously proposed estimates. Plaintiff does not represent that the Court has adjudicated or approved them.

7. Plaintiff further recognizes that any administrative component requires an independently enforceable legal basis and may not be recoverable merely because it appears in a privately issued fee schedule.

8. Plaintiff reserves the right to submit a revised, properly supported accounting of actual losses, subject to the operative pleadings and applicable procedural rules.

**III. Earlier commercial claims**

9. Plaintiff has previously identified a separate historical commercial demand of $6,209,285 in KLL correspondence concerning Henry's Towing.

10. Plaintiff recognizes that the amount asserted in an earlier notice is not an adjudicated judgment, established debt, or proof of an enforceable lien against the defendants.

11. Plaintiff does not request an automatic award based upon that historical demand.

12. Plaintiff further does not request duplicate recovery of the same injury through overlapping administrative and damages categories.

**IV. Continuing property-related harm**

13. Plaintiff contends that the disputed property has not been fully returned or accounted for.

14. Plaintiff contends that the alleged continuing deprivation has resulted in additional losses.

15. Plaintiff reserves the right to present evidence concerning the following categories of damages, to the extent legally recoverable:

A. Vehicle loss or damage;

B. Personal property loss or damage;

C. Loss of use;

D. Documented lost income;

E. Out-of-pocket expenses;

F. Compensable emotional injury;

G. Constitutional damages;

H. Punitive damages, if legally authorized and supported by the required findings;

I. Other nonduplicative losses established by competent evidence.

**V. Claimed security interests**

16. Plaintiff has previously identified financing statements and other commercial instruments concerning claimed security interests.

17. Plaintiff reserves any valid rights arising from an enforceable security agreement, judgment, statutory lien, or other recognized legal basis.

18. Plaintiff does not assert that the filing of a financing statement alone establishes an enforceable lien against the defendants' assets.

19. Any claim concerning a security interest against a particular defendant must be supported by the applicable attachment, authorization, perfection, and enforcement requirements.

**VI. Relief requested**

WHEREFORE, Plaintiff requests clarification of the procedure for presenting an updated damages accounting and seeking any further legally available relief.

**Respectfully submitted,**

**Without Recourse  Without Prejudice**

/s/ *Larry Leax Lou Flenoid II*


Plaintiff, Pro Se

4315 W. La Siesta Street

Springfield, Missouri 65802

Telephone: 417920-5601

Email: RLRC.Uhaul@gmail.com


Date: September 22, 2026

**PROPOSED ORDER CONCERNING DOCKET 80**

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF MISSOURI**

**SOUTHERN DIVISION**

LARRY LEXXLOU FLENOID II,

Plaintiff,

v. Case No. 6:25-cv-03362-MDH

HENRY'S TOWING SERVICE, LLC, et al.,

Defendants.

**ORDER**

Upon consideration of Plaintiff's Motion to Clarify, Docket 80, the July 30, 2026 order, Docket 79, the relevant filings, and the positions presented at the September 22, 2026 telephone conference, the Court addresses the following matters:

1. The operative effect of Docket 79 concerning Counts I and II against Deputies Gold, Schilling, and Kelley.

2. The status of the proposed Second Amended Complaint, Docket 91.

3. The status of the claims previously asserted against Henry's Towing Service, LLC.

4. The effect of the pending Eighth Circuit appeal, No. 26-2756, upon further district-court proceedings.

5. The procedure for submitting or identifying evidence concerning the underlying incidents and subsequent property-recovery efforts.

6. The procedure for seeking any further property-preservation, accounting, return, or damages relief.

The Court's determinations concerning these matters shall be reflected in its order or accompanying docket entry.

IT IS SO ORDERED.

**CERTIFICATE OF SERVICE**

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MISSOURI

SOUTHERN DIVISION

Case No. 6:25-cv-03362-MDH

I, Larry LexxLou Flenoid II, certify that the foregoing document was served upon the appropriate parties or their counsel in accordance with Federal Rule of Civil Procedure 5 and the applicable procedures of the United States District Court for the Western District of Missouri.

The parties previously identified through court electronic-filing notices include counsel of record:

Aaron William Freeman;

Damon S. Phillips;

Derek H. MacKay;

Elaine Marie Moss;

J. Michael Bridges; and

Kayla Louise Fowler.

This list is provided for reference and must be reconciled with the current docket and the parties entitled to service of the particular filing.

(Actual service information — complete after filing or service) Date of actual service

Method of service

CM/ECF electronic service

First-class mail

Authorized electronic means

Other authorized method